Christopher Campbell, Esq. SBN 309234
Bryan Miller, Esq. SBN 178134
Javkhlan Enkhbayar, Esq. SBN 327764
**LYDECKER**
523 West Sixth Street, Suite 716
Los Angeles, CA 90014
Telephone: (213) 226-7068
Facsimile: (213) 293-4425
ccampbell@lydecker.com
bmiller@lydecker.com
jenkhbayar@lydecker.com

Attorneys for University of Central Florida

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## (WESTERN DIVISION)

| | |
|---|---|
| JANE DOE, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN ROE 1, an individual; JOHN ROE 2, an individual; and DOES 1-100 inclusive,<br><br>        Defendants. | Case No.: 24STCV01533<br><br>**NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a)(b) OF DEFENDANT UNIVERSITY OF CENTRAL FLORIDA** |

## <u>NOTICE AND PETITION FOR REMOVAL</u>

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

**PLEASE TAKE NOTICE** that Defendant UNIVERSITY OF CENTRAL FLORIDA ("UCF"), by its counsel LYDECKER LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a) and (b), the state court action styled *Jane Doe v. John Roe 1, John Roe 2, and Does 1 through 100 inclusive*, Superior Court of the State of California, County of Los Angeles, Case No. 24STCV01533 (the "State Court Action"), to the United States District Court for the Central District of California. Removal is proper because this Court (1) has original jurisdiction based on diversity of citizenship, (2) the amount in controversy exceeds $75,000, (3)

removal is timely, and (4) this Court is within the district and division embracing the State Court Action.

## I.    REMOVAL IS PROPER

1.    On February 13, 2025, Plaintiff JANE DOE ("Plaintiff") served upon UCF through its employee, a copy of a Summons and Complaint in the State Court Action is attached hereto as **Exhibit A**.

2.    UCF submits herewith, pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon UCF in the State Court Action. Attached as **Exhibit B** are copies of the Summons, Notice of Case Assignment, Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation, First Amended General Order Regarding Mandatory Electronic Filing for Civil, and Complaint within exhibits served on February 13, 2025.

3.    UCF is incorporated in Florida as a not-for-profit corporation having its principal place of business at 4000 Central Florida Blvd., Orlando, Florida, and is thus, a citizen of Florida. See **Exhibit C.**

4.    Plaintiff is an individual domiciled in California pursuant to the allegations in her complaint in the Superior Court. She represents herself, in pro per, and her address of service is listed as 1214 Wilshire Blvd, Santa Monica, CA 90403.

5.    The State Court Action is properly removable on the basis that this Court has original jurisdiction of the State Court of Action based on the diversity of citizenship between Plaintiff and UCF. The citizenship of the alleged fictitious "DOE" defendants are properly disregarded in this analysis. *See* 28 U.S.C. §1441(b)(1) (**Removal based on diversity of citizenship.** – (1) In determining whether a civil action is removable on the basis of the jurisdiction under § 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.") (bold in original).

6.    In compliance with 28 U.S.C. §1332(a), the Complaint herein alleges a matter in controversy [which] exceeds the sum or value of $75,000 exclusive of interests and costs. . . ."

*See* **Exhibit A**, Prayer for Relief (p. 9) (demanding judgment "(a) For actual and specific damages in an amount to be proven at trial, . . . and (b) For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.")

7.      Pursuant to 28 U.S.C. §1446(b), removal is timely in that this Notice and Petition for Removal is filed within 30 days after Plaintiff served UCF with a copy of the Summons and initial Complaint.

8.      Pursuant to 28 U.S.C. §1446(a), venue is proper in this court because the State Court Action is pending within this district and division.

9.      Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice and Petition for Removal will be filed in the State of California, Superior Court, Los Angeles County, promptly after filing with this Court.

10.     Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff promptly after filing in this Court.

11.     UCF is the only defendant in this lawsuit (other than fictitious defendants) and consents to its filing.

**II.    CONCLUSION**

The State Court Action may be removed to this Court.

Christopher Campbell
Bryan Miller
Attorneys for University of Central Florida

NOTICE AND PETITION FOR REMOVAL OF DEFENDANT UNIVERSITY OF CENTRAL FLORIDA

EXHIBIT A

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/19/2024 3:04 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

S. Michael Kernan, State Bar No. 181747
R. Paul Katrinak, State Bar No. 164057
THE KERNAN LAW FIRM
9663 Santa Monica Blvd., 450
Beverly Hills, California 90210
Telephone: (310) 490-9777
Facsimile: (310) 861-0503

Attorneys for Plaintiff
Jane Doe

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JANE DOE, an individual, | Case No. 24STCV01533 |
| Plaintiff, | |
| v. | **COMPLAINT FOR NEGLIGENCE** |
| JOHN ROE 1, an individual; JOHN ROE 2, an individual, an individual; and DOES 1-100 inclusive, | |
| Defendants. | |

THE KERNAN FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

1

Plaintiff Jane Doe, as and for her Complaint against Defendants John Roe 1, John Roe 2, and Does 1 through 100 inclusive (collectively, "Defendants"), alleges as follows:

## THE PARTIES

1.    Plaintiff Jane Doe ("Plaintiff") is a resident of the County of Los Angeles, State of California.

2.    Defendant John Roe 1 ("Roe 1") is a resident of the State of Florida.

3.    Defendant John Roe 2 ("Roe 2") is a resident of the State of Florida.

4.    Plaintiff is informed and believes, and based thereon alleges, that pursuant to Code of Civil Procedure § 474, the fictitiously named Defendants sued herein as Does 1 through 100, inclusive, and each of them, was in some manner responsible or legally liable for the actions, events, transactions, and circumstances alleged herein. The true names and capacities of such fictitiously named Defendants, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff and Plaintiff will seek leave of the Court to amend the Complaint to assert the true names and capacities of such fictitiously named Defendants when the same have been ascertained. For convenience, each reference to "Defendants" shall include Roe 1, Roe 2, and the Doe Defendants, and each of them.

5.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, are and were at all times herein mentioned, the agents, servants, employees, or joint venturers of each of the other Defendants, and at all times herein mentioned were acting within the course and scope of said agency, employment, or service in furtherance of the joint venture.

## JURISDICTION AND VENUE

6.    The parties are subject to the jurisdiction of the Superior Court of California, County of Los Angeles, based on the following factors:

7.    Residence and Principal Place of Business: Plaintiff is currently a resident of California and currently maintains her principal place of professional work in California, specifically in Los Angeles County.

8.    Defendants' Statements: The defamatory statements at issue were published and accessible to individuals in Los Angeles County. Defendants made such statements negligently,

THE KERNAN FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

**COMPLAINT**

1  causing residents of Los Angeles County to become aware of such statements.

2      9.      Significant Contacts in Los Angeles County: Plaintiff, as a resident and academic

3  researcher in Los Angeles County, has a substantial connection to this county. The harm caused to

4  Plaintiff's reputation and her professional activities has been significantly affected in California

5  and within Los Angeles County.

6      10.      Therefore, Plaintiff asserts that jurisdiction is proper in the Superior Court of

7  California, County of Los Angeles, and venue is appropriate in Los Angeles County due to the

8  above-stated reasons.

9                              **FACTUAL BACKGROUND**

10  **Plaintiff's Academic and Professional Background**

11      11.      Plaintiff is a computational neuroscientist whose work lies at the intersection of

12  neuroscience and pattern recognition algorithms. Plaintiff studied biomedical engineering at Johns

13  Hopkins University where she studied genetics. She completed her master's degree at the

14  University of Pennsylvania, where she began studying Parkinson's disease. Plaintiff continued her

15  research on Parkinson's disease during her Ph.D. work at UCLA in the neuroengineering program.

16  Her Ph.D. dissertation work focused on environmental effects that can cause Parkinsonism,

17  focusing on manganese inhalation which can arise from a variety of workplace settings such as

18  mining or welding. Plaintiff began learning neuroimaging techniques, including magnetic

19  resonance imaging ("MRI"), under her Ph.D. co-mentor, who was a pioneer in the field of

20  functional MRI.

21      12.      After completing her Ph.D. at UCLA, Plaintiff then began her postdoctoral work,

22  where she applied advanced machine learning techniques to study patterns of brain activity for

23  diagnostic and predictive purposes. Plaintiff applied these techniques to neuroimaging data to gain

24  insight into a number of diseases including Alzheimer's, attention-deficit/hyperactivity disorder

25  (ADHD), and epilepsy. Her latest research involves studying how low-intensity transcranial-

26  focused ultrasound sonication alters EEG signals. This novel approach to brain stimulation has

27  shown great promise as a non-invasive therapy for anxiety disorders, improving memory in

28  Alzheimer's disease, and treating the symptoms of Parkinson's disease.

THE KERNAN FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-4777

**Employment with the University of Central Florida and the University of California, Los Angeles**

13.    Plaintiff was a visiting postdoctoral scholar at the University College London in 2015. After completing her postdoctoral work, Plaintiff was hired as a non-tenure Adjunct Assistant Professor and Researcher at the University of California, Los Angeles ("UCLA") in the Department of Psychiatry and Biobehavioral Medicine.

14.    In the fall of 2016, Plaintiff was hired as a tenure-track assistant professor at the University of Central Florida ("UCF"). In this role, Plaintiff mentored graduate students, taught courses, obtained grant funding, and published her research.

15.    Roe 1 and Roe 2 of UCF were fully aware of Plaintiff's dual appointment at both UCF and UCLA. When Plaintiff was hired at UCF, her supervisor expressly agreed that she could maintain a dual appointment. UCF Directors, Dr. Charlie Hughes and Dr. R. Paul Wiegand were also aware of Plaintiff's dual appointment. Grant administrators were aware of Plaintiff's dual appointment, as indicated by email correspondence with Plaintiff's program officer at the Air Force. Plaintiff included her publications with both affiliations, and even included her UCLA affiliation on annual reports to UCF. Plaintiff co-authored a number of scientific papers with members of the UCF community with both affiliations. Plaintiff's publications with both affiliations were even brought to the awareness of representatives of UCF. UCF also approved travel for Plaintiff's graduate students to visit UCLA to learn MRI and neuroimaging techniques. Such an arrangement was not uncommon, as several other faculty members at UCF also held dual appointments with other universities. Plaintiff's colleagues at UCLA were also aware of her dual appointment.

16.    Plaintiff was invited to lecture at numerous scientific conferences and speaker series in the time leading up to the pandemic. Travel to these scientific meetings was approved by UCF, a fact which Roe 1 and Roe 2 were aware of. UCF approved Plaintiff's request to buy out of her teaching commitment in order to attend and deliver lectures at these events, which was beneficial financially for the department, a fact which Roe 1 and Roe 2 were aware of. UCF had no written policy requiring in-person work, and other faculty in Plaintiff's department worked remotely for

THE KERNAN FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

1  extended periods of time prior to the pandemic, a fact which Roe 1 and Roe 2 were aware of.

2      17.    During her time working at UCF, Plaintiff maintained a very favorable Student

3  Perception of Instruction, a fact which Roe 1 and Roe 2 were aware of.

4      18.    In 2022, Plaintiff submitted her dossier for tenure at UCF. As part of this process,

5  UCF contacted four individuals to provide letters evaluating Plaintiff's work and advancement to

6  tenure. These letters collectively attested to Plaintiff's unwavering dedication to her profession, her

7  substantial contributions to the field, and the high regard in which she is held within the academic

8  community.

9      19.    On or about April 1, 2022, Plaintiff resigned from UCLA due to the completion of

10  her grant award at that university.

11      20.    On or about October 20, 2022, UCF issued a notice of intent to terminate

12  employment to Plaintiff and gave her ten calendar days to respond, a fact which Roe 1 and Roe 2

13  were aware of.

14      21.    On or about October 31, 2022, Plaintiff submitted a written response to the notice of

15  intent to terminate, stating her belief that UCF's decision was biased, and based on false

16  information. Roe 1 and Roe 2 were aware of this response by Plaintiff.

17      22.    On or about November 1, 2022, Plaintiff was terminated from employment at UCF.

18  **Florida Politics Publishes its Defamatory Article**

19      23.    On or about January 22, 2023, Florida Politics LLC ("Florida Politics") negligently

20  published a false, misleading, and defamatory web-based article with the headline, "Ghosted:

21  Double life of UCF professor unravels" (the "Article"). The headline itself was negligently false,

22  misleading, and defamatory. The Article negligently claimed that Plaintiff's career had

23  "unraveled," and that Plaintiff "secretly" held dual appointments at UCLA and UCF. However, as

24  discussed above, there was nothing "secret" about Plaintiff's dual appointment, which was known

25  and condoned by both universities, a fact which Roe 1 and Roe 2 were aware of. Such dual

26  appointments are standard in the academic community.

27      24.    Florida Politics negligently stated the falsehoods that Plaintiff led a "double life"

28  and "secretly" held these two positions despite knowing that there was nothing secret about

THE KERNAN FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

Plaintiff's dual appointment. Florida Politics was aware that Plaintiff published with both affiliations, as demonstrated by correspondence between UCF and Florida Politics. Plaintiff frequently published and lectured with both affiliations. Many of these lectures are easily found online. Relevant supervisors were aware of this arrangement, as were Roe 1 and Roe 2, and multiple academic affiliations are common in Plaintiff's field. Therefore, this claim in the Article was negligently false and defamatory.

25.    Florida Politics's statement that Plaintiff's career had "unraveled" was negligently false when made. After leaving UCF, Plaintiff had invitations to interview at other universities, including Stanford and the University of Miami. At the relevant time, Plaintiff also had scientific publications and grants under review and was scheduled to participate in upcoming scientific meetings, including a speaking invitation at the Institute of Pure and Applied Mathematics (IPAM), which took place in January 2023, prior to the online publication by Defendant Florida Politics. Thus, Plaintiff's career had not "unraveled" at the time the Article was published.

26.    Prior to publication, on or about January 19, 2023, Defendant Florida Politics wrote to UCF asking for comments in response to the then-unpublished Article. Florida Politics was able to receive such comments from Roe 1 and Roe 2 of UCF, but negligently proceeded with publication without obtaining comments from Plaintiff.

27.    According to the Article, Roe 1 and Roe 2 of UCF provided commentary that Plaintiff was often absent in the time prior to the pandemic, despite the university approving her travel, having no written policy requiring in-person work, and other faculty in Plaintiff's department working remotely for extended periods of time prior to the pandemic.

28.    Prior to publication, Florida Politics wrote to UCF to request a copy of Plaintiff's written response to the termination notice. Roe 1 and Roe 2 of UCF were aware of Florida Politics's intended deadline for publication, and yet provided Plaintiff's written response after the publication deadline, thus representing gross negligence leading to significant damage to the Plaintiff's professional reputation.

29.    UCF has demonstrated a pattern of investigating its scientists, faculty, and graduate students based on false allegations and negligently releasing these false allegations to the press. On

THE KERNAN FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

or about January 27, 2020, the Orlando Sentinel published an article, based on information provided by UCF, that caused tremendous reputational harm to three faculty members who were fired from UCF. Plaintiff has since learned that these faulty members were cleared of these false allegations.

30.     Scientists rely very heavily on their reputation. Plaintiff was an active part of the neuroimaging scientific community. While some of her colleagues have phoned to ask her about the article, the harm to her reputation has resulted in a lack of calls and invitations to academic and professional events.

31.     People often lose their jobs and are subsequently able to find new employment and carry on with successful careers. However, the Article negligently published by Florida Politics based on information provided by Roe 1 and Roe 2 of UCF was devastating to Plaintiff's career and reputation. Plaintiff's invitations to interview at the University of Miami and Stanford were rescinded. She was also unable to obtain a teaching position in the UCLA Psychology Department.

32.     Prior to the Article's publication, Plaintiff was told by her former supervisor at UCLA that she could retain an honorary affiliation with UCLA in the Department of Psychiatry and Biobehavioral Medicine following her resignation. However, after the Article's publication, correspondence with the new head of this department at UCLA indicated an unwillingness to even engage in communication with Plaintiff.

**Republication by Defendant The College Fix**

33.     In January of 2023, the web-based publisher, The College Fix, published an online article entitled, "Professor secretly held two full-time jobs on opposite coasts." The body of this article restated and paraphrased the content of the Article published by Florida Politics, including Defendants' comments. This article perpetuated the false narrative damaging Plaintiff's professional reputation by re-asserting the falsehood that her dual university positions were held in secret.

34.     The College Fix negligently made no effort to contact Plaintiff for comment and/or response. Had The College Fix done so, The College Fix would have realized that it was publishing false and defamatory statements about Plaintiff.

THE KERNAN FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

35.     The College Fix exhibited negligence by widely disseminating this paraphrased version of the original Article without making any effort to contact Plaintiff for comment. This lack of due diligence prior to publication further compounded the false narrative, contributing to the widespread dissemination of damaging misinformation about Plaintiff's professional reputation.

## FIRST CAUSE OF ACTION

### Negligent Defamation

### As Against Defendants and Does 1 through 100

36.     Plaintiff incorporates by reference each and every allegation of paragraphs 1 through 35, inclusive, as though fully set forth herein.

37.     The defamatory statements published in the Article and the subsequent paraphrasing article are false and are based on information provided by and statements made by Defendants.

38.     Defendants acted unreasonably and negligently, as outlined extensively above.

39.     The Article contained Defendants' statements that exposed Plaintiff to hatred, contempt, ridicule, and disgrace, and which have a natural tendency to injure her reputation.

40.     The defamatory statements are of and concerning Plaintiff, and persons who read the Article would reasonably understand the references therein to be references to Plaintiff.

41.     The statements are defamatory on their face and expose Plaintiff to hatred, contempt, ridicule, and obloquy, and/or cause her to be shunned or avoided and tend to injure her in her occupation.

42.     Defendants' false statements in the Article are defamatory of Plaintiff without the need for further explanation, inducement, innuendo, or other extrinsic facts, making them libelous on their face.

43.     Defendants' false statements in the Article tended to significantly injure Plaintiff with respect to her profession, trade, and business by stating that she was secretly holding two appointments to the detriment of both UCLA and UCF. As to such statements made in writing, they are libelous per se. As to such statements made verbally, they are slanderous per se.

44.     Defendants made the statements published in the Article with actual malice against

Plaintiff. Upon information and belief, Plaintiff alleges that the defamatory statements in the Article were made by Defendant with knowledge of their falsity or with reckless disregard for their truth or falsity.

45. The defamatory statements in the Article were unprivileged. They are not opinions or fair comments. The Article purports to report facts (which are untrue). The Article was not a publicly available government record or official report. There is no truth to Defendants' defamatory statements in the Article.

46. Upon information and belief, Plaintiff alleges that the defamatory statements were published by each of the Defendants in a grossly irresponsible manner with want of due care.

47. Other publications have picked up the false and defamatory statements in the Article and have republished them. Defendants' conduct resulted in these republications which have caused additional and further damage to Plaintiff.

48. As a direct and proximate result of the above-described conduct by Defendants, Plaintiff has been damaged in an amount to be proven at trial, which Plaintiff is informed and believes, and based thereon alleges is within the jurisdiction of this Court.

49. The conduct of Defendants was willful and intentional and fraudulently done with oppression and malice against Plaintiff, and with a conscious disregard of the rights of Plaintiff. Defendants' conduct under the circumstances is despicable and such conduct warrants the imposition of punitive damages in a sum appropriate to punish Defendants and deter similar misconduct.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

## **ON THE FIRST CAUSE OF ACTION:**

1. For actual and specific damages in an amount to be proven at trial;

2. For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

3. For a public retraction of the defamatory statements;

4. For the costs of suit as against Defendants;

THE KERNAN FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

5.    For pre-judgment interest and post-judgment interest as against all Defendants, according to law; and

6.    For any other and further relief as the Court deems just and proper.

DATED:   January 19, 2024                    THE KERNAN LAW FIRM

                                            By: _____
                                                S. Michael Kernan
                                                Attorneys for Plaintiff
                                                Jane Doe

THE KERNAN FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

10

**COMPLAINT**

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOHN ROE 1, an individual; JOHN ROE 2, an individual; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JANE DOE, an individual

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically **FILED** by
Superior Court of California,
County of Los Angeles
1/22/2024 10:45 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Castillejo, Deputy Clerk

</td></tr>
</table>

Date: *(handwritten)* 2/13/25
Time: *(handwritten)*
Initials: *(handwritten)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles Superior Court, 111 N. Hill Street, Los Angeles, CA 90012

</td><td>

CASE NUMBER:
*(Número del Caso):*

24STCV01533

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
S. Michael Kernan, 9663 Santa Monica Blvd., Ste. 450, Beverly Hills, CA 90210; (310) 490-9777

DATE:                                                                 Clerk, by   David W. Slayton, Executive Officer/Clerk of Court      , Deputy
*(Fecha)* 01/22/2024            *(Secretario)*        L. Castillejo                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

EXHIBIT B

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/19/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>24STCV01533 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Richard L. Fruin | 15 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

David W. Slayton, Executive Officer / Clerk of Court

on 01/22/2024
(Date)

By D. Williams _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

1
2
3
4
5
6

**FILED**
LOS ANGELES SUPERIOR COURT

MAY **1 1** 2011

JOHN A. CLARKE, CLERK
*N. Navarro*
BY NANCY NAVARRO, DEPUTY

7    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8    **FOR THE COUNTY OF LOS ANGELES**

9

| General Order Re | ) | ORDER PURSUANT TO CCP 1054(a), |
|---|---|---|
| Use of Voluntary Efficient Litigation | ) | EXTENDING TIME TO RESPOND BY |
| Stipulations | ) | 30 DAYS WHEN PARTIES AGREE |
| | ) | TO EARLY ORGANIZATIONAL |
| | ) | MEETING STIPULATION |
| | ) | |

14

        Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

        Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1   by Code of Civil Procedure section 1054(a) without further need of a specific court

2   order.

3

4   DATED: _May 11, 2011_    _Carolyn B. Kuhl_

5                            Carolyn B. Kuhl, Supervising Judge of the
                             Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT C

# Get in touch.

Contact UCF

# We look forward to hearing from you.

But if you write us, know that under Florida law email addresses are public records. If you don't want your email address released in response to a public records request, don't send an email. Instead, contact UCF by phone or through the mail.

If you'd like to contact one of our offices directly or are looking for specific UCF faculty or staff, please visit the UCF Phonebook.

At UCF, we're committed to creating a welcoming environment. If you experience or witness something on campus that doesn't seem right, we want to know about it. We take each concern seriously because we take your safety seriously. Report a concern or incident ➔

**PHYSICAL ADDRESS:**
University of Central Florida
4000 Central Florida Blvd.
Orlando, FL 32816

**MAILING ADDRESS:**
University of Central Florida
P.O. Box 160000
Orlando, FL 32816

**MAIN CAMPUS PHONE:**
**(407) 823-2000**



**A-Z INDEX**

*Browse an alphabetical index of UCF sites.*



**ASK UCF**

*Questions? Try UCF's online FAQ database.*



**SEND FEEDBACK**

*Let us know what you think.*

## UNIVERSITY OF CENTRAL FLORIDA

    

About UCF | BOT | Contact | Faculty | Jobs | Online Degrees | Policies | Privacy Notice | Public Records | Regulations | Report a Concern |

Student Achievement | UCF News

4000 Central Florida Blvd. Orlando, Florida, 32816 | 407.823.2000
© University of Central Florida