Christopher Campbell, Esq. SBN 309234
*ccampbell@lydecker.com*
Bryan Miller, Esq., SBN 178134
*bmiller@lydecker.com*
Javkhlan Enkhbayar, Esq. SBN 327764
*jenkhbayar@lydecker.com*
**LYDECKER**
523 West Sixth Street, Suite 716
Los Angeles, CA 90014
Telephone: (213) 226-7068
Facsimile: (213) 293-4425

Attorneys for Defendant
University of Central Florida Board of Trustees
erroneously sued as University of Central Florida

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual, | Case No. 2:25-cv-02191-HDV-KES |
| Plaintiff, | Assigned to the Hon. Hernán D. Vera. |
| vs. | **DEFENDANT THE UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLORIDA'S REQUEST FOR JUDICIAL NOTICE UNDER FED. R. EVID. 201(b)(2), AND FED. R. EVID. 801(d)(2)** |
| JOHN ROE 1, an individual; JOHN ROE 2, an individual; and DOES 1-100, inclusive, | |
| Defendants. | |
| | **DECLARATION OF BRYAN BARNET MILLER REGARDING AUTHENTICITY OF THE COMPLAINT AND THE AMOUNT IN CONTROVERSY** |
| | DATE: May 15, 2025 Time: 10:00 a.m. Place: Courtroom 5B |
| | Complaint Filed:    January 19, 2024 Trial Date:    Not Set |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant University of Central Florida Board of Trustees erroneously sued as University of Central Florida ("UCF"), by and through its undersigned counsel Lydecker LLP, hereby requests that this Court take judicial notice under Federal Rules of Evidence §201(b)(2) and §801(d)(2).

Dated:       April 30, 2025              **LYDECKER**

                                    By: _____
                                         Christopher Campbell
                                         Bryan Miller
                                         Javkhlan Enkhbayar
                                         Attorneys for Defendant
                                         University of Central Florida

DEFENDANT UNIVERSITY OF CENTRAL FLORIDA'S REQUEST FOR JUDICIAL NOTICE
PURSUANT TO FED. R. EVID. §201(b)(2), FED. R. EVID. §801(d)(2)

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The court may take judicial notice of the kinds of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. § 201(b)(2). UCF contends that Plaintiff's filing of a lawsuit in Florida is a party opponent admission that jurisdiction over the person of UCF in California is improper given the similarities between the California and Florida complaints. *See,* Fed. R. Evid. §801(d)(2).

In the Florida lawsuit, plaintiff uses her real name, Pamela Douglas, which is public record in the State of California.

Defendant UCF requests that this Court take judicial notice of the following facts:

1. Plaintiff filed a complaint against UCF, Florida Politics LLC, and The College Fix on January 17, 2025, in the Florida Superior Court; and in said complaint, Plaintiff identified herself by her real name. A true and correct copy of the complaint filed against UCF in the State of Florida is attached as **Exhibit A** to the declaration of Bryan Barnet Miller.

2. In said complaint, plaintiff requests $50,000 excluding punitive damages. (See Ex. A.)

Respectfully submitted,

Dated:        April 30, 2025        **LYDECKER**

By:  _____

Christopher Campbell
Bryan Miller
Javkhlan Enkhbayar
Attorneys for Defendant
University of Central Florida Board of
Trustees erroneously sued as University of
Central Florida

DEFENDANT UNIVERSITY OF CENTRAL FLORIDA'S REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. §201(b)(2), FED. R. EVID. §801(d)(2)

### DECLARATION OF BRYAN BARNET MILLER

I, BRYAN BARNET MILLER, declare:

1.)    I am a partner in Lydecker, and I am counsel of record for the University of Central Florida Board of Trustees erroneously sued as the University of Central Florida.

2.)    If called to testify, I would do so truthfully and competently based on my personal knowledge.

3.)    Attached hereto is a true and correct copy of a lawsuit filed in the State of Florida Superior Court by Doctor Pamela Douglas, Ph.D., as Exhibit A. The complaint mirrors that of the complaint filed in the California Superior Court except that in the Florida lawsuit she seeks compensatory damages of $50,000.00 excluding punitive damages.  (In the California lawsuit, plaintiff seeks compensatory damages of $75,000.00.)

I declare that the foregoing is true and correct under penalty of perjury of the laws of the United States, dated this day, April 30th at Encino, California.

_____

BRYAN BARNET MILLER

DEFENDANT UNIVERSITY OF CENTRAL FLORIDA'S REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. §201(b)(2), FED. R. EVID. §801(d)(2)

**EXHIBIT A**

Filing # 214871286 E-Filed 01/17/2025 04:50:07 PM

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

PAMELA KATHLEEN DOUGLAS, PhD,

Plaintiff,                                                  Case No.:

Vs.

UNIVERSITY OF CENTRAL FLORIDA
BOARD OF TRUSTEES,
FLORIDA POLITICS LLC, d/b/a
FLORIDA POLITICS, and
THE COLLEGE FIX,

Defendants.

Date: _____4·21·25_____
Time: _____11:55 AM_____
Initials: ___(AP)__#. 780__

_____

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

UNIVERSITY OF CENTRAL FLORIDA
BOARD OF TRUSTEES
4000 Central Florida Blvd.
Orlando, FL 32816-8005

DATED on ____JAN 21 2025_____.

(Name of Clerk)

As Clerk of the Court

By _Jamie Devease_
As Deputy Clerk

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165                    1

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 400 S. Fort Harrison Ave., Clearwater, Florida 33756, 727-464-4062, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con ADA Coordinator, Room 400 S. Fort Harrison Ave., Clearwater, Florida 33756, 727-464-4062, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter ADA Coordinator, Room 400 S. Fort Harrison Ave., Clearwater, Florida 33756, 727-464-4062, au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

3

## ENPÒTAN

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fÒm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/ Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte ADA Coordinator, Room 400 S. Fort Harrison Ave., Clearwater, Florida 33756, 727-464-4062, KÒdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan [identify court personnel's address and telephone number], fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

---

Plaintiff/Plaintiff's Attorney

James G. Bishop, Esq.
Law Office of James G. Bishop, P.A.
211 East Main Street, Suite 406
Lakeland, Florida 33801

Florida Bar No. 1027217

4

Filing # 220281752 E-Filed 04/03/2025 04:46:44 PM

**IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS AND PASCO COUNTIES, FLORIDA
CIVIL DIVISION**

PAMELA KATHLEEN DOUGLAS, PhD
  Plaintiff(s),

      UNIVERSITY OF CENTRAL FLORIDA
      BOARD OF TRUSTEES,
v.  FLORIDA POLITICS LLC, d/b/a
      FLORIDA POLITICS, and
      THE COLLEGE FIX,

  Defendant(s).
_____/

Case No. 25-000238-CI
UCN:_____

## GENERAL CASE STANDING ORDER

    All civil actions, except those enumerated in Fla. R. Civ. P. 1.200(a), must be assigned one of three case management tracks within **120 days** after the action is filed: streamlined, general, or complex. *See* Fla. R. Civ. P. 1.200(b). NOTE: The parties must comply with Fla. R. Civ. P. 1.201 to designate the action as "complex." **Plaintiff(s), or Plaintiff(s)'s counsel, must file and serve this Standing Order upon all named Defendant(s) or Defendant(s)'s counsel with the summons and complaint.**

### CASE TRACK ASSIGNMENT: GENERAL

| DEFINITION: | PROJECTED TRIAL DATE: |
|---|---|
| All other civil actions that do not meet the criteria for "complex" or "streamlined" cases. | <u>18 months</u> after the action is filed. *See* Fla. R. Civ. P. 1.440. |

### DEADLINES:

    The parties are subject to a continuing duty to **MEET AND CONFER** regarding the projected deadlines established by this Order. ***All deadlines established by this Order must be strictly enforced and can only be changed by court order***. If a party is unable to meet the established case management deadlines, the party must notify the Court within a reasonable time. Any request to change the overall case track assignment must be filed promptly after the appearance of good cause to support the motion. To modify the terms of this Order, the parties may: (1) submit an agreed order to the Court to extend a deadline; or (2) file a motion in accordance with Fla. R. Civ. P. 1.200(e)(3)(A)-(D) seeking leave of Court to extend a deadline, modify this Order, or alter a projected trial period. To schedule an actual trial date, the parties must cooperate with the Court according to its practice preferences. To alter an actual trial period, the parties must satisfy the requirements of Fla. R. Civ. P. 1.460.

| CATEGORY: | GENERAL CASE DEADLINES: |
|---|---|
| **Service of Complaint** | 120 days after the action is filed. *See* Fla. R. Civ. P. 1.070(j). |

| Service under Extension | Deadlines for extensions to serve process upon defendants are at the discretion of the trial judge. *See* Fla. R. Civ. P. 1.070(j). |
|---|---|
| **Pre-Trial Conference** | To be scheduled pursuant to the trial judge's practice preferences. |
| **Schedule a Trial Date** | 8 months after the action is filed. *See* Fla. R. Civ. P. 1.440. |
| **Adding New Parties** | Deadline for adding new parties is at the discretion of the trial judge. *See* Fla. R. Civ. P. 1.070(j); *see also* Fla. R. Civ. P. 1.190. |
| **Completion of Fact Discovery** | 30 days before the pre-trial conference. |
| **Completion of Expert Discovery** | 30 days before the pre-trial conference. |
| **Filing and Service of Motions for Summary Judgment** | File and serve 60 days before the pre-trial conference. Must be heard prior to the pre-trial conference. |
| **Filing and Resolution of All Objections to Pleadings** | Before the pre-trial conference. |
| **Filing and Resolution of All Pretrial Motions** | Before the pre-trial conference. |
| **Completion of Alternative Dispute Resolution,** including Non-Binding Arbitration and Mediation | Before the pre-trial conference. |

     **THEREFORE, it is ORDERED and ADJUDGED** in the Sixth Judicial Circuit, Florida, this <u>3rd</u> day of <u>    April    </u>, 20<u>25</u> :

    The above-styled case is designated as **GENERAL** with a projected trial date of **18 MONTHS AFTER THE ACTION IS FILED**, and all parties must abide by the corresponding deadlines.

*Effective per Admin. Order*
*2025-006 PA/PI-CIR*

Shawn Crane, Chief Judge

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY, FLORIDA**
**CIVIL DIVISION**

PAMELA KATHLEEN DOUGLAS, PhD,

Plaintiff,                                          Case No.:

Vs.

UNIVERSITY OF CENTRAL FLORIDA
BOARD OF TRUSTEES,
FLORIDA POLITICS LLC, d/b/a
FLORIDA POLITICS, and
THE COLLEGE FIX,

Defendants.

_____/

## COMPLAINT

Plaintiff, PAMELA KATHLEEN DOUGLAS, PhD, files this Complaint in suit against

Defendants, UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES, FLORIDA

POLITICS LLC, d/b/a FLORIDA POLITICS, and THE COLLEGE FIX, and alleges:

### Jurisdiction and Venue

1. This is an action for damages and/or other relief of value that exceeds Fifty Thousand
   Dollars ($50,000.00), exclusive of interest, costs and attorneys' fees.

2. Plaintiff, PAMELA KATHLEEN DOUGLAS, PhD, is an individual who resides in Los
   Angeles, California, and whose principal place of business is in California.

3. At all times material to this action, Defendant, UNIVERSITY OF CENTRAL FLORIDA
   BOARD OF TRUSTEES ("UCF"), operated as the managing board for the University of
   Central Florida in Orange County, Florida.

1

4. At all times material to this action, Defendant, FLORIDA POLITICS LLC, d/b/a

   FLORIDA POLITICS ("Florida Politics"), was a web-based publisher with a principal

   place of business located in Pinellas County, Florida.

5. At all times material to this action, Defendant THE COLLEGE FIX ("College Fix"), is a

   web-based publisher, with a principal place of business in Hillsdale, Michigan.

6. This action arose in Pinellas County, Florida.

7. Venue is proper in Citrus County pursuant to Fla. Stat. § 47.011.

8. All conditions precedent to this cause of action have occurred, been performed, or been

   waived.

## **GENERAL ALLEGATIONS**

9. Plaintiff, Dr. PAMELA KATHLEEN DOUGLAS, PhD, is a computational neuroscientist

   who conducts research in artificial intelligence and neuroscience.

10. Defendant, FLORIDA POLITICS LLC, d/b/A FLORIDA POLITICS, is a web-based

    publisher incorporated in the state of Florida with its business address located at 204 37th

    Avenue North #182, St. Petersburg, FL 33704. Florida Politics's stated objective is to

    offer the Sunshine State's most in-depth coverage of campaigns, elections, government,

    policy, and lobbying.

11. Plaintiff Dr. Pamela Douglas is a highly respected and accomplished academic in the

    fields of neuroscience and machine learning. Dr. Douglas completed her PhD in

    Biomedical Engineering at UCLA, after completing her master's degree at the University

    of Pennsylvania, and her undergraduate degree at Johns Hopkins University. Dr. Douglas

    has published scientific papers in highly respected journals including Science Robotics,

    Nature Neuroscience, and Neuroimage: Clinical. Dr. Douglas has delivered lectures at

2

some of the most prestigious scientific meetings in over 20 countries including the

Organization for Human Brain Mapping (OHBM), Computational and Systems

Neuroscience (COSYNE), the National Institute of Mental Health in Washington, D.C.

12. After completing her postdoctoral work, Dr. Douglas was appointed as a non-tenure

earning Adjunct Assistant Professor and Researcher at UCLA in the department of

Psychiatry and Biobehavioral Medicine. Dr. Douglas was then offered a tenure-track

position at the University of Central Florida in 2016.

13. When Dr. Douglas was hired at UCF, her supervisor Dr. Randall Shumaker, former

director of the Institute for Simulation and Training (IST) at UCF, expressly agreed that

she could maintain a dual appointment at UCLA. UCF Directors, Dr. Charlie Hughes and

Dr. R. Paul Wiegand, were also aware of her dual appointment. A number of other faculty

at UCF also held dual appointments with other universities. Dr. Douglas's colleagues at

UCLA were also aware of her dual appointment.

14.  At UCF, Dr. Douglas had very favorable Student Perception of Instruction.

15. In 2022, Dr. Douglas submitted her dossier for tenure at UCF. As part of this process,

UCF contacted four individuals to provide letters evaluating Dr. Douglas's work and

advancement to tenure. These letters collectively attest to Dr. Douglas's unwavering

dedication to her profession, her significant contributions to the field, and the high regard

in which she is held within the academic community. Notably, Professor Sam Gershman

at Harvard stated in a letter dated August 9, 2022, "Dr. Douglas has in fact written the

field-defining article on computational cognitive neuroscience." Professor Gershman also

notes that there are few women in this field.

16. The Plaintiff resigned from UCLA effective April 1, 2022 to correspond with completion of her grant award. On October 20, 2022, UCF issued a notice of intent to terminate employment and gave the Plaintiff ten calendar days to respond. On October 31, 2022, Plaintiff submitted a written response to Defendant UCF, stating her belief that UCF's decision was biased, and based on false information. On November 1, 2022, Plaintiff was terminated from employment at UCF. Dr. Douglas filed a Charge with the US Equal Employment Opportunity Commission (EEOC), alleging that UCF discriminated against her based on her sex, including by denying her tenure, and this is the subject of an ongoing legal matter.

17. Defendant UCF failed to provide key information to Defendant Florida Politics in a timely manner. Defendant Florida Politics rushed to publish a web-based article that was false and defamatory, whilst knowing that the Plaintiff published with both affiliations, and without the Plaintiff 's written response to the termination, which would have corrected the narrative.

18. Defendant UCF was aware of Dr. Douglas's dual appointment, and yet appears to have disseminated a link to the false article published by Florida Politics to the University community. Defendants Florida Politics and College Fix failed to contact Dr. Douglas for her response.

19. This gross negligence across all three Defendants caused devastation to Dr. Douglas's personal life, career, and professional reputation.

## COUNT I – DEFAMATION BY FLORIDA POLITICS, LLC

20. Plaintiff realleges and incorporates by reference Paragraphs 1-2, 4, and 6-19 of this Complaint.

4

21. On or about January 22, 2023, the Defendant Florida Politics published a false, misleading, and defamatory web-based article with the headline, "Ghosted: Double life of UCF professor unravels." This headline was false, misleading, and defamatory. The online article falsely claims that the Plaintiff's career had "unraveled," and that the Plaintiff secretly held dual appointments at UCLA and UCF. There was nothing "secret" about Dr. Douglas's dual appointment.

22. Defendant Florida Politics falsely stated that the Plaintiff led a double life and secretly held these two positions despite knowing that there was nothing secret about Dr. Douglas's dual appointment. Florida Politics was aware that Dr. Douglas published with both affiliations, as demonstrated by correspondence between Defendants UCF and Florida Politics, indicating that Florida Politics was aware that the Plaintiff published articles, easily found online, with both affiliations. The Plaintiff frequently published and lectured with both affiliations. Many of these lectures are easily found online (Exhibit 2). Relevant supervisors were aware of this arrangement, and multiple academic affiliations are common in her field. Therefore, this claim in the web-article was knowingly false and defamatory.

23. Defendant Florida Politics's statement that Plaintiff's career had "unraveled" was false when made. After leaving UCF, the Plaintiff had invitations to interview at other Universities, including Stanford and the University of Miami. At the relevant time, the Plaintiff also had scientific publications and grants under review and was scheduled to participate in upcoming scientific meetings, including a speaking invitation at the Institute of Pure and Applied Mathematics (IPAM), which took place in January 2023,

prior to the online publication by Defendant Florida Politics. Thus, the Plaintiff's career

had not "unraveled" at the relevant time.

24. Prior to publication, on or about January 19, 2023, Defendant Florida Politics wrote to

UCF asking for its comment and statement in response to the then-unpublished article.

Defendant Florida Politics recklessly proceeded with publication without obtaining

comments from Plaintiff Dr. Douglas.

25. Numerous people lose their jobs, and are subsequently able to find new employment and

carry on with successful careers. However, the article published by Defendant Florida

Politics was devastating to the Plaintiff's career and reputation.

26. The Plaintiff's invitations to interview at University of Miami and Stanford were

rescinded. She was also unable to obtain a teaching position in the UCLA Psychology

Department. Prior to the article, the Plaintiff was also orally told by her former supervisor

at UCLA that she could retain an honorary affiliation with UCLA in the Department of

Psychiatry and Biobehavioral Medicine following her resignation. However, after the

article's publication, correspondence with the new head of this department at UCLA

indicate an unwillingness to even engage in communication with the Plaintiff.

27. On January 19, 2023, Defendant Florida Politics requested Plaintiff's "mug shot,"

implying that Plaintiff had a criminal record, which is false. In this correspondence

Defendant Florida Politics also requested Plaintiff's written response to the notice of

intent to terminate letter she received from UCF. While this request was pending,

Defendant Florida Politics rushed to publication without this written response, which

would have provided crucial information to correct the false and misleading narrative. To

6

the best of the Plaintiff's knowledge, Defendant Florida Politics made no effort to

contact her for comment.

28. Shortly after learning about the web-based article by Gabrielle Russon, Plaintiff Dr.

Douglas contacted her family's attorney, who then contacted Defendant Florida Politics

with an explanation of why the article was false and misleading with a request to correct

the public record to mitigate the damages. To the best of Plaintiff's knowledge, the

Defendant made no effort to delete or retract the article following this communication.

29. Following receipt of the Plaintiff's response, Gabrielle Russon published a second online

publication on February 9, 2023, claiming that the Plaintiff pleaded for her job. This

article painted the Plaintiff in a more favorable light. However, the damage from the

original article circulating on the web, and maintaining its presence online has continued

to cause catastrophic damages to the Plaintiff's career, and severe emotional distress.

30. Scientists rely very heavily on their reputation. Plaintiff Dr. Douglas was an active part of

the neuroimaging scientific community, both in terms of research and she actively

participated in social events and gatherings

31. The defamatory statements have caused significant harm to Plaintiff Dr. Douglas's

personal and professional reputation, leading to tremendous emotional distress and

economic losses, and Plaintiff has incurred damages as a result of the false and

defamatory statements published by Defendant, Florida Politics.

32. The false statements contained in the article are defamatory per se under Florida law as

they include false allegations which, if true, are incompatible with Plaintiff's proper

exercise of her lawful business.

7

**WHEREFORE** Plaintiff, PAMELA KATHLEEN DOUGLAS, PhD, prays for an award

damages in excess of $50,000.00, for attorneys' fees; costs; for preliminary and permanent

injunction ordering Defendant to immediately delete, take down, or otherwise remove all

defamatory articles published by Defendant from all websites and social media accounts

owned, controlled, or operated, directly or indirectly, by Defendant; and any other relief this

Court determines to be just and proper.

## COUNT II – DEFAMATION BY UCF

33. Plaintiff realleges and incorporates by reference Paragraphs 1-3, 6-19.

34. Defendant UCF was aware that Dr. Douglas had an affiliation at UCLA. The Plaintiff's

    supervisors were aware of this. Grants administrators were aware of this, as indicated by

    email correspondence with the Plaintiff's program officer at the Air Force. The Plaintiff

    included her publications with both affiliations, and her UCLA affiliation on annual

    reports to Defendant UCF. The Plaintiff co-authored a number of scientific papers with

    members of the UCF community with both affiliations. The Plaintiff's publications with

    both affiliations were even brought to the awareness of representatives of UCF, as

    indicated by correspondence with Defendant Florida Politics. Defendant UCF also

    approved travel for Plaintiff's graduate students to visit UCLA to learn MRI and

    neuroimaging techniques.

35. Plaintiff Dr. Douglas was invited to lecture at numerous scientific conferences and

    speaker series in the time leading up to the pandemic). Travel to these scientific meetings

    was approved by Defendant UCF. Defendant UCF approved Plaintiff Dr. Douglas's

    request to buy out of her teaching commitment in order to attend and deliver lectures at

    these events. This was also beneficial financially for the department. According to the

8

web-based article published by Defendant Florida Politics, Defendant UCF conveyed that the Plaintiff was often absent in the time prior to the pandemic, despite approving her ravel, having no written policy requiring in-person work, and other faculty in the Plaintiff's department working remotelyfor extended periods of time prior to the pandemic.

36. Prior to publication, Defendant Florida Politics wrote to UCF to request the Plaintiff's written response to the termination notice. Defendant UCF was aware of Florida Politics's intended deadline for publication, and yet provided the Plaintiff's written response after the publication deadline, thus representing gross negligence leading to significant damage to the Plaintiff's professional reputation.

37. Defendant UCF as an additional means of disseminating the false and defamatory statements, appears to have added the article from Defendant Florida Politics to UCF News This action by the University may have further propagated the damaging misinformation about the Plaintiff's purported secret dual appointment, compounding the harm to the Plaintiff's professional reputation. In a statement sent to Defendant Florida Politics, Defendant UCF stated, "We disagree with the conclusion you are attempting to make here." Despite being aware of the false and misleading nature of the article, Defendant UCF failed to rectify the situation promptly, thus contributing distribution of false and professionally damaging information about the Plaintiff.

38. On or about April 25, 2023, Plaintiff's attorney submitted a public records request to Defendant UCF to obtain emails and numerous materials which led to the extremely damaging publication by Defendant Florida Politics. On or about July 26, 2023, Defendant UCF released numerous materials and correspondences in response to this

request. However, there was a disturbing lack of email communication showing which materials were sent and when from Defendant UCF to Defendant Florida Politics. On December 12, 2023, Plaintiff's attorney send a second public records request to Defendant UCF requesting these missing materials.

39. Defendant UCF has demonstrated a pattern of investigating faculty and employees based on alleged misconduct, applying punitive measures such as job termination for alleged misconduct, and providing information related to these putatively false allegations to members of the press. For example, on January 27, 2020, the Orlando Sentinel published an article that described misconduct by three faculty members and an unnamed graduate student in the Plaintiff's department at UCF who were funded by the Army. According to this article UCF planned to fire two professors and the director of the Institute for Simulation and Training, where the Plaintiff formerly worked. This article also said that the university started the process to revoke an unnamed student's PhD. In a subsequent article in the Orlando Sentinel originally published on November 17, 2020, the unnamed graduate student was identified as Irwin Hudson. According to this subsequent article, Irwin Hudson is pursuing a racial discrimination complaint against Defendant UCF, and according to his lawsuit the Army later found that "UCF's allegations could not be substantiated." Daniel Barber, one of the professors who fired and named in the January article was later reinstated, according to another article in the Orlando Sentinel published February 18, 2020. Thus, Defendant UCF has demonstrated a pattern of sharing information about alleged misconduct by members of its community with the press, only to later have those individuals reinstated upon further investigation, or putatively cleared by an Army investigation.

40. Scientists rely very heavily on their reputation. Plaintiff Dr. Douglas was an active part of the neuroimaging scientific community, both in terms of research and she actively participated in social events and gatherings. While some of her colleagues have phoned to ask her about the article, the harm to her reputation seems to have resulted in a lack of phone calls and invitations to events.

41. The defamatory statements have caused significant harm to Plaintiff Dr. Douglas's personal and professional reputation, leading to tremendous emotional distress and economic losses, and Plaintiff has incurred damages as a result of the false and defamatory statements published by Defendant, UCF.

42. The false statements contained in the article are defamatory per se under Florida law as they include false allegations which, if true, are incompatible with Plaintiff's proper exercise of her lawful business.

**WHEREFORE** Plaintiff, PAMELA KATHLEEN DOUGLAS, PhD, prays for an award damages in excess of $50,000.00, for attorneys' fees; costs; for preliminary and permanent injunction ordering Defendant to immediately delete, take down, or otherwise remove all defamatory articles published by Defendant from all websites and social media accounts owned, controlled, or operated, directly or indirectly, by Defendant; and any other relief this Court determines to be just and proper.

## COUNTI III – CIVIL CONSPIRACY BY FLORIDA POLITICS AND UCF

43. Plaintiff realleges and incorporates by reference Paragraphs 1-4, 6-39.

11

44. Florida Politics and UCF conspired to defame Plaintiff by publishing maliciously false and defamatory statements about Plaintiff.

45. Florida Politics committed overt acts by its publication of the false statements.

46. Plaintiff has incurred damages as a result of the acts performed pursuant to the conspiracy.

**WHEREFORE** Plaintiff, PAMELA KATHLEEN DOUGLAS, PhD, prays for an award damages in excess of $50,000.00, for attorneys' fees; costs; for preliminary and permanent injunction ordering Defendant to immediately delete, take down, or otherwise remove all defamatory articles published by Defendant from all websites and social media accounts owned, controlled, or operated, directly or indirectly, by Defendant; and any other relief this Court determines to be just and proper.

## <u>COUNTI IV – DEFAMATION BY COLLEGE FIX</u>

47. Plaintiff realleges and incorporates by reference Paragraphs 1-2, and 5-16.

48. In January of 2023, the web-based publisher, Defendant College Fix, published an online article entitled, "Professor secretly held two full-time jobs on opposite coasts." The body of this article paraphrased the content of the article published by Defendant Florida Politics. This article perpetuated the false narrative damaging Plaintiff Dr. Douglas's professional reputation by asserting that dual university positions were held in secret.

49. To the best of the Plaintiff's knowledge, the Defendant College Fix made no effort to contact her for comment and/or her response.

50. Defendant College Fix exhibited gross negligence by widely disseminating this paraphrased version of the original tabloid's publication without making any effort to contact the Plaintiff for comment. This lack of due diligence in seeking the Plaintiff's

comment prior to publication further compounded the false narrative, contributing to the widespread dissemination of damaging misinformation about the Plaintiff's professional reputation.

51. The defamatory statements have caused significant harm to Plaintiff Dr. Douglas's personal and professional reputation, leading to tremendous emotional distress and economic losses, and Plaintiff has incurred damages as a result of the false and defamatory statements published by Defendant, College Fix.

52. The false statements contained in the article are defamatory per se under Florida law as they include false allegations which, if true, are incompatible with Plaintiff's proper exercise of her lawful business.

**WHEREFORE** Plaintiff, PAMELA KATHLEEN DOUGLAS, PhD, prays for an award damages in excess of $50,000.00, for attorneys' fees; costs; for preliminary and permanent injunction ordering Defendant to immediately delete, take down, or otherwise remove all defamatory articles published by Defendant from all websites and social media accounts owned, controlled, or operated, directly or indirectly, by Defendant; and any other relief this Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, PAMELA KATHLEEN DOUGLAS, PhD, demands trial by jury of all issues triable by jury as a matter of right.

DATED JANUARY 17, 2025.

Respectfully submitted,

/s/ *James G. Bishop*
James G. Bishop, Esquire
Law Offices of James G. Bishop, P.A.
211 East Main Street, Suite 406
Lakeland, FL 33801
Tele: (954) 945-4585
jbishop@bishop-legal.com;
Florida Bar #: 1027217
Attorney for Plaintiff

# **PROOF OF SERVICE**

United States District Court

Central District of California

*Jane Doe*

v.

*John Roe 1, et al.,*

Case No. 2:25-cv-02191-HDV-KES

I, Devon MacGregor, am employed in Los Angeles County, California. I am over the age of 18 years and not a party to the within action. My business is 523 W. 6th Street, Suite 716, Los Angeles, CA 90014, (213) 226-7068.

On April 30, 2025, I caused to be served the following documents(s): as follows:

**DEFENDANT UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLORIDA'S REQUEST FOR JUDICIAL NOTICE UNDER FED. R. EVID. 201(b)(2), AND FED. R. EVID. 801(d)(2)**

**DECLARATION OF BRYAN BARNET MILLER REGARDING AUTHENTICITY OF THE COMPLAINT AND THE AMOUNT IN CONTROVERSY**

**BY ELECTRONIC SERVICE:** I caused said documents to be transmitted by electronic mail. The name(s) and email address(es) of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

I declare that penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on April 30, 2025, at Winchester, California.

*Devon MacGregor*
Devon MacGregor

DEFENDANT UNIVERSITY OF CENTRAL FLORIDA'S REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. §201(b)(2), FED. R. EVID. §801(d)(2)

# **SERVICE LIST**

United States District Court

Central District of California

*Jane Doe*

v.

*John Roe 1, et al.,*

Case No. 2:25-cv-02191-HDV-KES

Pamela Douglas
pkdouglas16@gmail.com
Plaintiff in Pro Per

DEFENDANT UNIVERSITY OF CENTRAL FLORIDA'S REQUEST FOR JUDICIAL NOTICE
PURSUANT TO FED. R. EVID. §201(b)(2), FED. R. EVID. §801(d)(2)