1  Christopher Campbell, Esq. SBN 309234
   ccampbell@lydecker.com
2  Bryan Miller, Esq., SBN 178134
   bmiller@lydecker.com
3  Javkhlan Enkhbayar, Esq. SBN 327764
   jenkhbayar@lydecker.com
4
   **LYDECKER**
5  523 West Sixth Street, Suite 716
   Los Angeles, CA 90014
6  Telephone: (213) 226-7068
   Facsimile: (213) 293-4425
7

8  Attorneys for Defendant University of Central Florida Board of Trustees
   erroneously sued as the University of Central Florida
9

10              **IN THE UNITED STATES DISTRICT COURT**

11          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13  Jane Doe, an individual,                    Case No. 2:25-cv-02191-HDV-KES

14          Plaintiff,                           Assigned to Hon. Hernán D. Vera

15  vs.

16  JOHN ROE 1, an individual; JOHN ROE 2, an    **DEFENDANT UNIVERSITY OF**
    individual; and DOES 1-100, inclusive,       **CENTRAL FLORIDA BOARD OF**
17                                               **TRUSTEES ERRONEOUSLY SUED AS**
                                                 **THE UNIVERSITY OF CENTRAL**
18          Defendants.                          **FLORIDA'S *EX PARTE* APPLICATION**
                                                 **FOR LEAVE TO FILE DEFENDANT'S**
19                                               **RESPONSE TO PLAINTIFF'S FIRST**
                                                 **AMENDED COMPLAINT FILED**
20                                               **WITHOUT LEAVE**

21                                               Date: May 15, 2025
                                                 Time: 10:00 a.m.
22                                               Place: Courtroom 5B

23                                               Complaint Filed:    January 19, 2024
                                                 Trial Date:         Not Set
24

25  **TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

26          **PLEASE TAKE NOTICE** that Defendant University of Central Florida

27  Board of Trustees erroneously sued as the University of Central Florida ("UCF"), by

28  its counsel LYDECKER LLP, submits the following memorandum of points and

                                         1

1    authorities in support of its *Ex Parte* Application for Leave to Respond to Plaintiff

2    Jane Doe's ("Plaintiff") First Amended Complaint Filed Without Leave. This *Ex*

3    *Parte* Application will be and is based on this notice and the accompanying

4    memorandum of points and authorities. This *Ex Parte* Application will be and is also

5    based on the pleadings, papers, and records presently on file in this action, on such

6    further pleadings and papers as may hereinafter be presented, and on such oral and

7    documentary evidence and objections as may be properly presented at the hearing on

8    this *Ex Parte* Application.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE DEFENDANT'S RESPONSE
TO PLAINTIFF'S FIRST AMENDED COMPLAINT FILED WITHOUT LEAVE

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

3       Plaintiff filed a complaint on January 19, 2024, in California Superior Court.

4 UCF removed this matter to the United District Court based on diversity jurisdiction

5 on March 12, 2025. (ECF#1) UCF requested an extension of time, which was granted,

6 to ascertain if plaintiff was represented by counsel and to engage in a meet and confer

7 under Local Rule 7-3. (ECF#12). On April 14, 2025, UCF filed its motion to dismiss.

8 (ECF#16) Plaintiff filed her First Amended Complaint ("FAC") on May 5, 2025.

9 (ECF#25) Before filing said amendment, Plaintiff did not seek UCF's consent or this

10 Court's leave. This Court noted that in filing her FAC, Plaintiff violated Fed. R. Civ.

11 P. 10. (ECF#26)

12

**II.     LEGAL ARGUMENT**

13       The party filing an *ex parte* application must show that "the moving party's

14 cause will be irreparably prejudiced if the underlying motion is heard according to

15 regular noticed motion procedures." *Mission Power Engineering Co. v. Continental*

16 *Cas. Co.* 883 F.Supp. 488, 492 (1995). Furthermore, the moving party must show

17 that it is "without fault in creating the crises that requires *ex parte* relief." *Id.*

18       A.     UCF will suffer irreparable injury if the Court considers the FAC by

19             Plaintiff.

20       Here, Defendant seeks *ex parte* relief in the form of responding to Plaintiff's

21 FAC because Plaintiff filed her FAC a mere 10 days before the scheduled hearing –

22 and after the time she had to amend her pleading as a matter of right has passed –

23 without getting Defendant's consent or seeking this Court's leave beforehand.

24 Plaintiff's FAC is further deficient in that it violates Federal Rules of Civil Procedure

25 Rules 10 and 15. Moreover, Plaintiff failed to comply with Local Rules 15.1 and 15.3

26 when filing her amended pleading. Given that Plaintiff filed her FAC on the eve of

27 the scheduled hearing, these are a nullity under federal law.

28 / / /

DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE DEFENDANT'S RESPONSE
TO PLAINTIFF'S FIRST AMENDED COMPLAINT FILED WITHOUT LEAVE

1    A party has the right to amend its pleading as a matter of right no later than 21

2  days after service or "if the pleading is one to which a responsive pleading is required,

3  21 days after service of a responsive pleading or 21 days after service of a motion

4  under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other

5  instances, a party "may amend its pleading only with opposing party's written consent

6  or the court's leave." Fed. R. Civ. P. 15(a)(2). **If a party cannot amend a pleading**

7  **as of right, and files it without leave of court or consent of the opposing party,**

8  **the amended pleading is a nullity and without legal effect.** Furthermore, an

9  amended complaint that is improperly filed without leave of court or consent of the

10  opposing party does not supersede the original. *Taa v. Chase Home Fin., LLC*, 5:11-

11  CV-00554 EJD, 2012 U.S. Dist. LEXIS 18972, 2012 WL 507430, at *1 (N.D. Cal.

12  Feb. 15, 2012) (citing *Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998)). *Hard*

13  *Drive Products v. Doe* (N.D.Cal. Sep. 13, 2012, No. C 11-03826 DMR) 2012

14  U.S.Dist. LEXIS 130351, at *8-9.) (Emphasis added.); *accord, Calderon v. Lowe's*

15  *Home Ctrs., LLC* (C.D.Cal. June 24, 2015, No. 2:15-CV-01140-ODW-AGR) 2015

16  U.S.Dist. LEXIS 82278, at *6-7.

17    B.    This dispute arises solely out of Plaintiff's own making.

18    There was significant meet and confer between Plaintiff and Defense counsel

19  under Local Rule 7-3.

20    1) Plaintiff could have timely filed an FAC. She elected not to do so.

21    2) Consideration of this complaint, which is a nullity, is greatly prejudicial to

22  Defendant UCF.

23    In October of 2024, Plaintiff decided to fire her counsel and represent herself in

24  this matter. "[A]s a general principle, a self-represented litigant who is not indigent

25  'must expect and receive the same treatment as if represented by an attorney – no

26  different, no better, no worse." *Nuño v. California State University, Bakersfield* 47

27  Cal.App.5th 799, 811 (2020). Plaintiff's decision to represent herself should not

28  / / /

DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE DEFENDANT'S RESPONSE
TO PLAINTIFF'S FIRST AMENDED COMPLAINT FILED WITHOUT LEAVE

penalize Defendant and take away its ability to meaningfully respond to Plaintiff's allegations.

**III.    CONCLUSION**

Based on the foregoing, Defendant respectfully requests this Court grant leave to file Defendant's response to Plaintiff's FAC or, in the alternative, to ignore the FAC as a nullity.

Dated:        May 9, 2025                           **LYDECKER**

By: _____

Christopher Campbell
Bryan Miller
Javkhlan Enkhbayar
Attorneys for Defendant
University of Central Florida Board of
Trustees erroneously sued as the
University of Central Florida

DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE DEFENDANT'S RESPONSE
TO PLAINTIFF'S FIRST AMENDED COMPLAINT FILED WITHOUT LEAVE

**DECLARATION OF BRYAN BARNET MILLER**

Bryan Barnet Miller declares:

1.)   I am a partner at Lydecker and represent the University of Central Florida in this defamation lawsuit. If called to testify, I would and could do so on my personal knowledge.

2.)   There was extensive meet and confer before Defendant filed a Rule 12 Motion (*see*, ECF #12).

3.)   UCF requested information from Plaintiff as to whether she would oppose the *ex parte*. No response was provided.


Date: May 9, 2025


_____

Bryan Barnet Miller

DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT FILED WITHOUT LEAVE

**PROOF OF SERVICE**

United States District Court

Central District of California

*Jane Doe*

v.

*John Roe 1, et al.,*

Case No. 2:25-cv-02191-HDV-KES

I, Devon MacGregor, am employed in Los Angeles County, California. I am over the age of 18 years and not a party to the within action. My business is 523 W. 6ᵗʰ Street, Suite 716, Los Angeles, CA 90014, (213) 226-7068.

On May 9, 2025, I caused to be served the following documents(s): as follows:

**DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT FILED WITHOUT LEAVE**

**BY ELECTRONIC SERVICE:** I caused said documents to be transmitted by electronic mail. The name(s) and email address(es) of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

I declare that penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on May 9, 2025, at Winchester, California.

_Devon MacGregor_____
Devon MacGregor

7

1

**PROOF OF SERVICE**

2

United States District Court

3

Central District of California

4

*Jane Doe*

5

v.

6

*John Roe 1, et al.,*

7

Case No. 2:25-cv-02191-HDV-KES

8

9

10
Pamela Douglas
pkdouglas16@gmail.com
11
Plaintiff in Pro Per

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE DEFENDANT'S RESPONSE
TO PLAINTIFF'S FIRST AMENDED COMPLAINT FILED WITHOUT LEAVE