1
Christopher Campbell, Esq. SBN 309234
*ccampbell@lydecker.com*
2
Bryan Miller, Esq., SBN 178134
*bmiller@lydecker.com*
3
Javkhlan Enkhbayar, Esq. SBN 327764
*jenkhbayar@lydecker.com*
4
**LYDECKER**
5
523 West Sixth Street, Suite 716
6
Los Angeles, CA 90014
7
Telephone: (213) 226-7068
Facsimile: (213) 293-4425
8

9
Attorneys for Defendant
10
University of Central Florida Board of Trustees
erroneously sued as the University of Central Florida
11

## IN THE UNITED STATES DISTRICT COURT
12
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
13

14

15
JANE DOE, an individual,

Case No. 2:25-cv-02191-HDV-KES
16
        Plaintiff,

Assigned to
17
vs.
Hon. Hernán D. Vera
18
JOHN ROE 1, an individual; JOHN ROE
**UNIVERSITY OF CENTRAL**
19
2, an individual; and DOES 1-100,
**FLORIDA BOARD OF TRUSTEES**
inclusive,
**ERRONEOUSLY SUED AS THE**
20
**UNIVERSITY OF CENTRAL**
        Defendants.
**FLORIDA'S REPLY BRIEF TO**
21
**PLAINTIFF JANE DOE'S**
**OPPOSITION TO UCF'S MOTION**
22
**TO DISMISS UNDER RULES**
23
**12(b)(2) AND 12(b)(6).**

24
Date:          July 17, 2025
25
Department:     5B
Time:           10:00 A.M.
26

27
Complaint Filed:  January 19, 2024
Trial Date:       Not Set
28

# TABLE OF CONTENTS

A.    United States Supreme Court Law ....................................................... 1

B.    California Supreme Court Law ........................................................... 2

C.    Conclusion ......................................................................................... 8

UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS
THE UNIVERSITY OF CENTRAL FLORIDA REPLY BRIEF 12(b)(2), 12(b)(6)

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124 (9th Cir. 2010) ......... 6

4

*Briskin v. Shopify, Inc.* 87 F.4th 404 (9th Cir. 2023), ................................................. 6

5

6

*Burger King Corp. v. Rudzewicz* 471 U.S. 462 (1985) ...................................... 1, 2, 5

7

*Calder v. Jones,* 465 U.S. 662 (1984)...................................................................... 1, 8

8

*Daimler AG v. Bauman* 571 U.S. 117, 225 (2014).................................................... 2

9

*Herbal Brands, Inc. v. Photoplaza, Inc.* 72 F.4th 1085 (9th Cir. 2023)..................... 8

10

11

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*

12

  647 F.3d 1218 (9th Cir. 2011)......................................................................... 6, 7, 8

13

*Pavlovich v. Superior Ct.,* 29 Cal. 4th 262 (2002) ............................................ passim

14

15

*Reno v. American Civil Liberties Union* 521 U.S. 844 (1997).................................... 3

16

*U.S. v. Swiss American Bank, Ltd.* 274 F.3d 610 (1st Cir.2001)................................ 4

17

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119 (W.D.Pa.1997).............. 7

18

19

20

21

22

23

24

25

26

27

28

UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS
THE UNIVERSITY OF CENTRAL FLORIDA'S REPLY BRIEF 12(b)(2), 12(b)(6)

**COMES NOW, UCF, AND REPLIES TO PLAINTIFF, JANE DOE'S OPPOSITION TO UCF MOTION TO DISMISS.**

**A.      United States Supreme Court Law**

Dr. Jane Doe (hereinafter, "Plaintiff" or "Dr. Doe") relies extensively on *Calder v. Jones,* 465 U.S. 662 (1984). In the defamation context, the United States Supreme Court has described an "effects test" for determining purposeful availment. [citation.] In *Calder*, a reporter in Florida wrote an article for the National Enquirer about Shirley Jones, a well-known actress who lived and worked in California. The president and editor of the National Enquirer reviewed and approved the article, and the National Enquirer published the article. Jones sued, among others, the reporter and editor (individual defendants) for libel in California. The individual defendants moved to quash service of process, contending they lacked minimum contacts with California. *Calder*, *supra*, 465 U.S. at pp. 785-786.

When determining whether specific jurisdiction exists, courts consider the "relationship among the defendant, the forum, and the litigation." [citations] A court may exercise specific jurisdiction over a nonresident defendant only if: (1) "the defendant has purposefully availed himself or herself of forum benefits" [citations]; (2) "the 'controversy is related to or" arises out of "[the] defendant's contacts with the forum'" [citation]; and (3) "the assertion of personal jurisdiction would comport with 'fair play and substantial justice'" *Burger King Corp. v. Rudzewicz* 471 U.S. 462, 472-473 (1985). *Pavlovich v. Superior Ct.,* 29 Cal. 4th 262, 269 (2002).

"The purposeful availment inquiry ... focuses on the defendant's intentionality. [Citation.] This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on" his contacts with the forum.  Thus, the "'purposeful availment' requirement ensures that a defendant will not be hauled into a jurisdiction solely as a result of 'random,'

'fortuitous,' or 'attenuated' contacts [citations], or of the 'unilateral activity of another party or a third person.' [Citations.]" *Burger King*, *supra*, 471 U.S. at p. 475. *Pavlovich v. Superior Ct.*, 29 Cal. 4th 262, 269 (2002).

Nothing in Plaintiff's First Amended Complaint ("FAC") meets the criteria of intentional targeting of California as a forum. Indeed, Plaintiff conflates purposeful availment of the forum state (California) with that of Plaintiff, a California resident. (*Cf.* ECF No. 25, FAC ¶¶7, 12.) The FAC is devoid of a showing that the UCF purposefully availed itself of the laws of the state of California. Simply said, the FAC is devoid of a showing that UCF availed itself of a California Forum.

In a further twist of illogic, Dr. Doe alleges a foreseeability standard would suffice to confer jurisdiction over the person. (ECF No. 25, FAC, ¶7.) This is not the law. As a practical matter, if foreseeability of harm was the sole basis for jurisdiction it would be in contravention of controlling United States Supreme Court precedent. *Burger King*, *supra*, 471 U.S. at p. 474. *Pavlovich v. Superior Ct.,* 29 Cal. 4th 262, 277–78 (2002*)*.

In determining whether a federal court has jurisdiction over a party, the federal court ordinarily relies on state law. *Daimler AG v. Bauman* 571 U.S. 117, 225 (2014). "In a diversity action, the US District Court may exercise personal jurisdiction over a non-resident defendant if jurisdiction is proper under California's long-arm statute and if that exercise of jurisdiction accords with federal constitutional due process principles."


**B.    California Supreme Court Law**

*Pavlovich*, a decision by the California Supreme Court in 2002, should prove dispositive, and is directly analogous to the Jane Doe lawsuit.

In her First Amended Complaint, Plaintiff alleges that "[d]efendants knowingly contributed to the dissemination of the false and defamatory article by distributing a link to it via the UCF News email listserv. (ECF No. 25, FAC ¶43). To support this

2

allegation, Plaintiff attaches Exhibit G to her amended pleading. On the first page of Exhibit G, it states "The News Clips shares stories, both positive and negative, related to UCF coverage in the media. These clips are for your awareness and cover various topics, including significant higher education issues." (ECF No. 25, Plaintiff's FAC at pg. 46). Indeed, the rest of the articles shared along with the allegedly defamatory one cover topics ranging from UCF's assistant professor receiving a research award to UCF's intention to ban a social media platform on campus. (*Ibid*. Plaintiff's FAC). It is evident from the Exhibit that UCF shared the allegedly defamatory article, among other articles discussing UCF in some capacity, to keep its employees appraised of how UCF is being depicted in the media.

Dr. Doe's argument in her FAC is troubling for several reasons:

- Access on the world wide web is insufficient to confer jurisdiction over the person under both California and Ninth Circuit Law.
- As articulated above a 'knowing' or 'foreseeability standard' is in contravention of both California and United States Supreme Court law.
- The list-serve is a view-point neutral listserv for the population of the UCF and does not meet the purposeful availment standard.

"The Internet is an international network of interconnected computers" which "enable[s] tens of millions of people to communicate with one another and to access vast amounts of information from around the world." *Reno v. American Civil Liberties Union* 521 U.S. 844, 849–850 (1997) "The best known category of communication over the Internet is the World Wide Web, which allows users to search for and retrieve information stored in remote computers, as well as, in some cases, to communicate back to designated sites. In concrete terms, the Web consists of a vast number of documents stored in different computers all over the world." *Id.* at p. 852. On the Web, "documents, commonly known as Web 'pages,' are prevalent." These pages are located at Web sites and have addresses marking their location on the Web. If a Web

3

1   page is freely accessible, then anyone with access to a computer connected to the

2   Internet may view that page. With its explosive growth over the past two decades, the

3   Internet has become "a unique and wholly new medium of worldwide human

4   communication." *Pavlovich,* 29 Cal.4th at 265.

5       In *Pavlovich* the California Supreme Court reached the conclusion that a

6   Posting on the internet was insufficient to confer jurisdiction over the person.

7   *Pavlovich,* 29 Cal.4th at 266.

8       Pavlovich was the founder and project leader of the LiVid video project

9   (LiVid), which operated a Web site located at "livid.on.openprojects.net." The site

10  consisted of a single page with text and links to other Web sites. The site only provided

11  information; it did not solicit or transact any business and permitted no interactive

12  exchange of information between its operators and visitors. *Pavlovich,* 29 Cal.4th at

13  266-267.

14      Under the minimum contacts test, "an essential criterion in all cases is whether

15  the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and

16  'fair' to require him to conduct his defense in that State." *Id.* at pg. 268.

17      Here, it is unreasonable to haul UCF into a California Court based on a listserv

18  which is neither directed to California nor a California audience.  The sole purpose is

19  to provide coverage of UCF, both positive and negative in the media.

20      "The purposeful availment inquiry ... focuses on the defendant's intentionality.

21  [Citation.] This prong is only satisfied when the defendant purposefully and

22  voluntarily directs his activities toward the forum so that he should expect, by virtue

23  of the benefit he receives, to be subject to the court's jurisdiction based on" his contacts

24  with the forum. *U.S. v. Swiss American Bank, Ltd.* 274 F.3d 610, 623–624 (1st

25  Cir.2001) (*Swiss American Bank* ).) Thus, the "'purposeful availment' requirement

26  ensures that a defendant will not be hauled into a jurisdiction solely as a result of

27  'random,' 'fortuitous,' or 'attenuated' contacts [citations], or of the 'unilateral activity

28  / / /

4

UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS
THE UNIVERSITY OF CENTRAL FLORIDA'S REPLY BRIEF 12(b)(2), 12(b)(6)

of another party or a third person.' *Burger King, supra,* 471 U.S. at p. 475. *Pavlovich,* 29 Cal.4th at 269.

The California High Court specifically states in *Pavlovich* that which is applicable in the Jane Doe case:

> [B]y making the location of the harm dispositive, *Janmark* [7TH Cir. 1997] ignores "the defendant's knowledge and intent in committing the tortious activity"—the very focus of the purposeful availment requirement Even if *Janmark* merely stands for the proposition that a defendant's knowledge that its tortious acts would cause the plaintiff injury in the forum state satisfies the effects test [...] it is still problematic. "[F]oreseeability of causing *injury* in another State ... is not a 'sufficient benchmark' for exercising personal jurisdiction." *Burger King, supra,* 471 U.S. at p. 474. Rather, "the foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there." *World Wide Volkswagen, supra,* 444 U.S. at p. 297. The knowledge that harm will likely be suffered in the forum state, "when unaccompanied by other contacts," is therefore "too unfocused to justify personal jurisdiction." The California Supreme Court thus declines to follow the Seventh Circuit Decision in *Janmark.*
> *Pavlovich*, 29 Cal. 4th 262 at 272–73.

It is undisputed that Dr. Doe's FAC has failed to meet the effects test. There is an absence of purposeful availment or intentional direction of conduct to California.

There is no publication of a tabloid magazine such as the National Enquirer with its largest circulation in California, there is no intentional targeting of a public figure such as a famous actress in California, there is no extraction of information from California; with respect to the list-serve with is neutral view point on life on a Central Florida Campus the forum of California is irrelevant. Simply said, there is no intentional availment of the laws of the State of California.

This is hardly different from defendant Pavlovich. Pavlovich's sole contact with California was posting of source code on an internet website. *Pavlovich*, 29 Cal. 4th 262 at 273-274.

/ / /

1    Dr. Jane Doe's entire FAC is devoid of any contact with UCF in California.
2    Creation of a listserv may be felt nationwide but without more, it is not an act
3    purposefully directed towards the forum state. *Ibid.*

4    The question as in *Pavlovich* was whether knowledge of harm to an industry or
5    person was enough to confer purposeful availment. The Court holds: "knowledge, by
6    itself, cannot establish purposeful availment under the effects test." *Pavlovich*, 29 Cal.
7    4th 262 at 276. To hold foreseeability of harm as a basis for jurisdiction over the
8    person would render precedent under *Burger King* a nullity. *Id.,* at pg. 278.

9    Indeed, the facts in the Jane Doe case are far more attenuated than in *Pavlovich*
10   in which jurisdiction over the person was held insufficient. In *Pavlovich* it could be
11   argued that the foreseeability of harm of defendant (Pavlovich) by posting source code
12   violating trade secrets was more nefarious than anything alleged in the Jane Doe case.

13   As in the *Pavlovich* case the California Supreme Court holds that there were
14   other forums where plaintiffs could pursue their claim such as "Indiana or Texas".
15   The same may be said here, Dr. Jane Doe has already filed a lawsuit against UCF in
16   Florida of which this Court may take Judicial Notice (*see*, ECF [Dkt No. 21], Request
17   for Judicial Notice, filed again for ease of reference).

18   Dr. Doe next cites to *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d
19   1124 (9th Cir. 2010), which was abrogated by *Briskin v. Shopify, Inc.* 87 F.4th 404 (9th
20   Cir. 2023), *reh'g en banc granted, opinion vacated* (9th Cir. 2024) 101 F.4th 706, and
21   *on reh'g en banc* (9th Cir. 2025) 135 F.4th 739. Dr. Doe also cites to *Mavrix Photo*,
22   arguing that these cases use the *Calder* "effects test." "In tort cases, we typically
23   inquire whether a defendant 'purposefully direct[s] his activities' at the forum state,
24   applying an 'effects' test that focuses on the forum in which the defendant's actions
25   were felt, whether or not the actions themselves occurred within the forum." (*Mavrix
26   Photo, Inc. v. Brand Technologies, Inc.* 647 F.3d 1218, 1228 (9th Cir. 2011).)

27   The main issue presently is whether UCF "expressly aimed at the forum state."
28   The clear answer is no. In *Mavrix*, the Court stated "In determining whether a

UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS
THE UNIVERSITY OF CENTRAL FLORIDA'S REPLY BRIEF 12(b)(2), 12(b)(6)

1   nonresident defendant has done "something more," we have considered several
2   factors, including the interactivity of the defendant's website, *e.g., Pebble Beach,* 453
3   F.3d at 1153–54, 1158; *Cybersell,* 130 F.3d at 417–20; the geographic scope of the
4   defendant's commercial ambitions, *e.g., Pebble Beach,* 453 F.3d at 1156–58; *Rio*
5   *Props.,* 284 F.3d at 1020–21; and whether the defendant "individually targeted" a
6   plaintiff known to be a forum resident." (*Mavrix Photo, Inc., supra* (9th Cir. 2011) at
7   1229.)

8           The court in *Mavrix* found that Brand expressly aimed at the forum state
9   because it exploited the California market "for its own commercial gain." (*Id.*) Here,
10  UCF did not aim the websites or the articles at California. Plaintiff claims that UCF
11  republished the article, "ensuring wider dissemination." (Opp. 4 at 22-23.) However,
12  the articles discussing Dr. Doe were published on "The College Fix" and "Florida
13  Politics." It is extremely tenuous to suggest that an article published on a website, that
14  specifically names a state 3,000 miles away was aimed at California and that it would
15  ensure wider dissemination. Directly contradicting Plaintiff's arguments, Plaintiff has
16  failed to demonstrate that these articles went beyond these two websites, negating the
17  claim that the articles were widely disseminated.

18          Additionally, *Mavrix* discusses the use of a sliding scale to determine the nature
19  of activity over the Internet with one end of the scale being where an entity does
20  business over the internet and the other is a passive site, with information posted.
21  Today's websites often have interactive features, such as comments, newsletters,
22  polls, etc. *Mavrix* indicated that interactivity, which was discussed in *Zippo Mfg. Co.*
23  *v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119 (W.D.Pa.1997), is not a useful gauge of
24  whether a website is passive, as these features "require a minimal amount of
25  engineering expense…and do not signal a non-resident defendant's intent to "sit down
26  and make itself at home" in the forum." (*Mavrix Photo, Inc., supra,* 647 F.3d 1218,
27  1227 (9th Cir. 2011).) Simply put:

28

UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS
THE UNIVERSITY OF CENTRAL FLORIDA'S REPLY BRIEF 12(b)(2), 12(b)(6)

To permit the exercise of general jurisdiction based on the accessibility in the forum of a non-resident interactive website would expose most large media entities to nationwide general jurisdiction. That result would be inconsistent with the constitutional requirement that "the continuous corporate operations within a state" be "so substantial and of such a nature as to justify suit against [the nonresident defendant] on causes of action arising from dealings entirely distinct from those activities."

(*Mavrix Photo, Inc. v. Brand Technologies, Inc.* 647 F.3d 1218, 1227 (9th Cir. 2011).)

As the Court in *Herbal Brands, Inc*. stated that an interactive website on its own does not "establish express aiming." (*Herbal Brands, Inc. v. Photoplaza, Inc.* 72 F.4th 1085, 1091 (9th Cir. 2023), *cert. denied* 144 S.Ct. 693 [217 L.Ed.2d 389] (2024).) However, "operating a website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient" to satisfy the express aiming prong." (*Id*. at 1092.)

The article was posted on two websites, mainly serving individuals living in Florida. This is insufficient to establish jurisdiction in California as the website is neither soliciting business nor selling items over the internet; it is merely a news website. Nothing more has been presented to indicate that these websites were operating "in conjunction with something more."

## C. <u>Conclusion</u>

To allow California to have jurisdiction over UCF would contravene the Due Process Clause of the Fourteenth Amendment. Plaintiff has failed to establish how UCF has sufficient contacts with California that it purposefully avails itself such that it would expect to be hauled into court. Plaintiff's claim under the *Calder* "effects test" fails these websites were not expressly aimed at California in any way, shape or form. Moreover, Plaintiff has already filed a similar action in Florida. Thus, the argument that Plaintiff will be unable to adjudicate her claims would fail. Long-arm statutes are implemented to ensure that non-resident defendants can be held accountable in a different forum state *if they avail themselves of that forum state*. UCF

UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLORIDA'S REPLY BRIEF 12(b)(2), 12(b)(6)

did not avail itself of California and Plaintiff has failed in her burden to support Personal Jurisdiction over UCF. Based on the foregoing, Defendant UCF respectfully requests that the Complaint be dismissed under Rules 12(b)(2) and 12(b)(6).

Dated:        July 3, 2025                    **LYDECKER**

                                         By: _____

                                              Christopher Campbell
                                              Bryan Miller
                                              Javkhlan Enkhbayar
                                              Attorneys for Defendant
                                              University of Central Florida Board of
                                              Trustees erroneously sued as the
                                              University of Central Florida

UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS
THE UNIVERSITY OF CENTRAL FLORIDA'S REPLY BRIEF 12(b)(2), 12(b)(6)

# PROOF OF SERVICE

United States District Court

Central District of California

*Jane Doe*

v.

*John Roe 1, et al.*

Case No. 2:25-cv-02191-HDV-KES

I, Devon MacGregor, am employed in Los Angeles County, California. I am over the age of 18 years and not a party to the within action. My business is 523 W. 6th Street, Suite 716, Los Angeles, CA 90014, (213) 226-7068.

On July 3, 2025, I caused to be served the following documents(s): as follows:

**UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLORIDA'S REPLY BRIEF TO PLAINTIFF JANE DOE'S OPPOSITION TO UCF'S MOTION TO DISMISS UNDER RULES 12(b)(2) AND 12(b)(6).**

**BY ELECTRONIC SERVICE:** I caused said documents to be transmitted by electronic mail via the email address dmacgregor@lydecker.com. The name(s) and email address(es) of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

I declare that penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on July 3, 2025, at Winchester, California.

*Devon MacGregor*
Devon MacGregor

UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLORIDA'S REPLY BRIEF 12(b)(2), 12(b)(6)

# PROOF OF SERVICE

United States District Court

Central District of California

*Jane Doe*

v.

*John Roe 1, et al.*

Case No. 2:25-cv-02191-HDV-KES

Jane Doe, PhD
1217 Wilshire Blvd.
Santa Monica, CA 90403
(310) 409-6130
doeplaintiffphd@gmail.com
***Plaintiff in Pro Per***

11
UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS
THE UNIVERSITY OF CENTRAL FLORIDA'S REPLY BRIEF 12(b)(2), 12(b)(6)