UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

term #14/22

| | |
|---|---|
| Case No. 2:25-cv-02191-HDV-PDx | Date July 8, 2025 |
| Title *Jane Doe v. John Roe, et al.* | |

Present: The Honorable   Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** IN CHAMBERS—ORDER DENYING PLAINTIFF'S MOTION TO REMAND [22]

On April 29, 2025, Plaintiff, proceeding pseudonymously as Jane Doe, filed the instant motion to remand ("Motion") [Dkt. No. 22]. For the reasons set forth below, the Motion is denied.

I.   BACKGROUND

Plaintiff alleges that she was hired as a tenure track professor at the University of Central Florida ("UCF") in 2016. First Amended Complaint ("FAC") ¶ 19 [Dkt. No. 25]. At the time, Plaintiff was also working as a non-tenure track professor at the University of California, Los Angeles ("UCLA"). *Id.* ¶ 18. Plaintiff alleges that UCF was fully aware of her dual affiliation. *Id.* ¶¶ 20–22.

On April 1, 2022, Plaintiff resigned from her position at UCLA at the conclusion of her grant-funded work, but was told she could maintain an "honorary appointment." *Id.* ¶ 28. Also in 2022, Plaintiff submitted her tenure dossier to UCF for review, with positive letters from external reviewers. *Id.* ¶ 27. On

October 20, 2022, however, UCF issued Plaintiff a notice of intent to terminate. *Id.* ¶ 29.  Plaintiff submitted a written response detailing her belief that UCF's decision was biased, but she was terminated on November 1, 2022. *Id.* ¶¶ 30–31.

Several months later, Florida Politics LLC ("Florida Politics") published an allegedly defamatory article suggesting that Plaintiff's dual employment was hidden from her employers and otherwise suspicious.  *Id.* ¶ 32.  Also in January of 2023, College Fix, a web-based publisher, issued an online article perpetuating the allegedly defamatory narrative that Plaintiff was leading a "double life" by holding clandestine professorships at multiple universities.  *Id.* ¶ 35.  Plaintiff alleges that unspecified Defendants and Defendant University of Central Florida Board of Trustees ("BOT")[1] provided information that formed the basis for the articles and that BOT subsequently disseminated the defamatory article, all resulting in harm to Plaintiff's reputation and career.  *Id.* ¶¶ 38–43, 47–49.

On January 19, 2024, Plaintiff Jane Doe filed the original complaint in Los Angeles Superior Court.  Notice of Removal ("NOR"), Ex. A [Dkt. No. 1].  The case was removed to this Court on March 12, 2025.  *See* NOR.  On April 29, 2025, Plaintiff filed the instant Motion.[2]  On May 5, 2025, Plaintiff filed the FAC.  The Court heard oral argument on June 26, 2025, and took the Motion under submission.

## II.     LEGAL STANDARD

Federal courts have original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $75,000.  28 U.S.C. § 1332.  Section 1332 requires complete diversity, meaning that each plaintiff must be diverse from each defendant.  *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).  Any doubts about removal are resolved in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.*

---

[1] Defendant BOT suggests that it was erroneously sued in UCF's stead.  The Court need not resolve the issue for purposes of this Motion.

[2] The instant Motion supersedes Plaintiff's original motion to remand that failed to redact identifying information [Dkt. No. 14] and was ordered sealed by the Court [Dkt. No. 15].

Pursuant to 28 U.S.C. § 1447(c), an improperly removed case must be remanded to state court.

## III.   DISCUSSION

The central issue here is whether the amount-in-controversy threshold is met.[3] One of Plaintiff's alleged harms is the injury to potential career opportunities that was sustained as a result of the alleged defamation. FAC ¶ 34 ("After leaving UCF, Plaintiff had invitations to interview at other universities, including Stanford, University of Miami, and was also engaged in discussions about formally returning to teach at UCLA."), ¶ 48 ("However, the Article negligently published by Florida Politics based on information provided by Roe 1 and Roe 2 of UCF was devastating to Plaintiff's career and reputation. Plaintiff's invitations to interview at the University of Miami and Stanford were rescinded. She was also unable to obtain a teaching position in the UCLA Psychology Department."). Plaintiff contends that she does not specify an exact amount of damages, and that BOT therefore must carry the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Motion at 5.

While it is true that the removing party has the burden, Plaintiff herself provides sufficient evidence for the Court to find that the threshold is met. Plaintiff provides an excerpt to the allegedly defamatory article as an exhibit to her FAC, which lists Plaintiff's annual salary from her position at UCF at $113,651. *See* FAC, Ex. G ("UCF fired [Plaintiff] from her $113,651-a-year job…."). Presumably, the job opportunities Plaintiff was being considered for would be in that same ballpark. Moreover, BOT provided evidence that shows positions at Stanford in Plaintiff's field command at least six figures. Defendant BOT Opposition to Plaintiff's Motion ("Opposition") [Dkt. No. 41], Declaration of Bryan Miller in Support of Opposition ("Miller Decl."), Ex. A [Dkt. No. 41-1]. At the hearing, Plaintiff did not disclaim the veracity of BOT's claims that Plaintiff's salary in any of the opportunities she lost out on would have been greater than the amount in controversy. Nor does Plaintiff disclaim the ability to seek damages in excess of $75,000. Motion at 5 ("Nothing in this motion should be construed as limiting Plaintiff's right to seek damages in excess of $75,000 if supported by the evidence and consistent with California law.").

---

[3] Plaintiff concedes that there is diversity between the parties. Motion at 2 ("While the parties may be diverse, Defendants have failed to establish…that the amount in controversy exceeds $75,000 as required for federal jurisdiction.")

In summary, Plaintiff allegedly lost career opportunities, which would have paid an annual six figure salary. The amount in controversy is easily met here.

The Motion is denied.[4]

**IT IS SO ORDERED.**

---

[4] BOT included arguments contesting personal jurisdiction in its opposition. Opposition at 4–5. The proper vehicle for these arguments is a motion to dismiss, which BOT has also filed [Dkt.. No. 37], to be heard on July 17, 2025. The Court will consider the issue at that time.