Jane Doe, PhD
1217 Wilshire Blvd, #3006
Santa Monica, CA, 90403
(310) 409-6130
Email: doeplaintiffphd@gmail.com

```
FILED
CLERK, U.S. DISTRICT COURT
7/15/2025
CENTRAL DISTRICT OF CALIFORNIA
BY    RYO    DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

JANE DOE, PhD, IN PRO PER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>JOHN ROE 1, an individual; JOHN ROE 2, an individual; and DOES 1-100, inclusive,<br><br>          Defendants. | Case No. 2:25-cv-02191-HDV-PD<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO REMAND**<br><br>Assigned for All Purposes to:<br>Hon. Hernan D. Vera<br><br>Original Complaint Filed: January 19, 2024<br>Trial Date: Not Set<br><br>State Court Case No. 24STCV01533 |

TO THE HONORABLE COURT:

Plaintiff Jane Doe respectfully requests reconsideration of the Court's prior ruling denying Plaintiff's Motion to Remand to Los Angeles County Superior Court, pursuant to **Local Rule 7-18** and **Federal Rule of Civil Procedure 60(b)** in light of **newly discovered evidence that materially**

**affects the amount-in-controversy analysis.** See Defendants' Request for Judicial Notice (Dkt. 48), Exhibit A.

# I. GROUNDS FOR RECONSIDERATION

Reconsideration is warranted because new facts have emerged that Plaintiff was not previously aware of, and that **materially affect** the Court's jurisdictional analysis under 28 U.S.C. § 1332.

Specifically:

1. Defendants recently submitted a Request for Judicial Notice (Dkt. 48) referencing a separate defamation complaint that had been filed in the Circuit Court for Pinellas County, Florida, on Plaintiff's behalf (Case No. 25-000238-CI).

2. That complaint—filed by an attorney Plaintiff had spoken with primarily regarding a separate matter—was never reviewed by Plaintiff, nor was Plaintiff even aware that this action was active.

3. Critically, the Florida complaint listed a **monetary damages request of only $50,000**, well below the $75,000 amount-in-controversy threshold for federal diversity jurisdiction under 28 U.S.C. § 1332.

4. Upon learning of the existence of this filing, **Plaintiff immediately moved to voluntarily dismiss** the Florida action. The dismissal has now been accepted and processed by the Pinellas County Circuit Court as of July 10, 2025. A copy of the court's confirmation is attached hereto as **Exhibit A**.

5. Plaintiff now brings this case **exclusively in California**, under state-law tort theories, and under a pseudonym for privacy and safety reasons.

6. During the June 26, 2025 hearing on Plaintiff's Motion to Remand, Defendants' counsel made a verbal settlement offer of $45,000 — **the first and only offer presented to date**. This further supports Plaintiff's position that the amount in controversy does not exceed $75,000 and undermines Defendants' claim to diversity jurisdiction.

7. Based on their verbal offer, Defendants' own actions thus appear to acknowledge that the amount in controversy may fall below the jurisdictional threshold.

8. Because Defendants bear the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, and have failed to do so, federal jurisdiction is improper. See 28 U.S.C. § 1332(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (holding that the removing party must establish the amount-in-controversy requirement with actual evidence, not speculation).

Taken together, this new evidence supports reconsideration and remand to state court.

**II. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS NO LONGER SUPPORTED**

At the June 26, 2025 hearing on Plaintiff's Motion to Remand, Defendants argued that Plaintiff's potential future salary at Stanford—approximately $230,000—could satisfy the $75,000 amount-in-controversy requirement. However, this argument was speculative, not supported by any evidence in the record, and does not reflect the actual damages sought in this defamation action.

Plaintiff has not claimed lost wages from Stanford as part of her prayer for relief in this case, nor has she placed a specific dollar amount on her claimed damages. The only monetary figure formally asserted by either party is found in the now-dismissed Florida complaint, which listed damages of $50,000—below the jurisdictional threshold. Moreover, Defendants' own verbal offer of $45,000 during the remand hearing strongly suggests that they do not view the case as exceeding the $75,000 threshold.

Because Defendants bear the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, and have failed to do so, federal jurisdiction remains improper under 28 U.S.C. § 1332(a). The case should therefore be remanded to state court.

# III. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Reconsider its prior ruling denying remand;

2. **Grant Plaintiff's Motion to Remand** this case to Los Angeles Superior Court;

3. Grant any further relief the Court deems just and proper.

DECLARATION OF PLAINTIFF

I, Jane Doe, declare as follows:

1. I am the Plaintiff in the above-captioned action. I make this declaration in support of my Motion for Reconsideration of the Court's Order denying my Motion to Remand.

2. I was aware that a complaint had been filed in the Circuit Court for Pinellas County, Florida, by an attorney I had spoken with previously. However, I was not aware that the complaint had been served on any defendants.

3. Based on my understanding of Florida civil procedure, I believed the case had become inactive due to non-service within the applicable timeframe, and I did not consider it an active parallel action.

4. Upon learning that the filing was still pending and being cited by Defendants in this action, I immediately filed a notice of voluntary dismissal. The dismissal was processed and accepted by the clerk of court on July 10, 2025. A true and correct copy of the court's confirmation is attached as Exhibit A.

5. During the June 26, 2025 hearing on my Motion to Remand, Defendants' counsel verbally offered to settle this case for $45,000. This was the first and only monetary offer presented to me.

6. I respectfully submit that, in light of this new information, this case does not meet the $75,000 amount-in-controversy threshold for federal jurisdiction.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 15, 2025 in Los Angeles, California

Respectfully submitted,

/s/ Jane Doe

Jane Doe, Pro Se

**EXHIBIT A**

7/15/25, 2:41 AM                                    Gmail - Processing Completed for Filing # 227027799



## Processing Completed for Filing # 227027799

**noreply@myflcourtaccess.com <noreply@myflcourtaccess.com>**                                    Mon, Jul 14, 2025 at 12:32 PM

Dear ▬▬▬▬ :

This email verifies the processing of your Filing # 227027799 with the Pinellas County, Florida Circuit Civil Division.

| | |
|---|---|
| Status: | Accepted |
| Filing Date/Time: | 07/10/2025 08:59:09 PM |
| UCN: | 522025CA000238XXCICI |
| Clerk Case #: | 25-000238-CI |
| Case Style: | ▬▬▬▬ PHD |
| Matter #: | |
| Memo: | |
| Filing Fee: | $0.00 |
| Notices NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE: | $0.00 |
| Statutory Convenience Fee: | $0.00 |
| Total Paid: | $0.00 |
| Fee Status: | Processed |
| Paid By: | No payment required |
| Order #: | |
| Financial ID: | |

Documents

| # | Document Type | Status | Filing Date | Rejection Reason | Your Attachment |
|---|---|---|---|---|---|
| | | | | | |

| 1 | Notices NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE | Accepted | 07/10/2025 | | MOTION_FOR_VOLUNTARY_DISMISSAL.pdf |
|---|---|---|---|---|---|

Fees

Your filing has been docketed with the Clerk's office. The fee is in the process of <u>Processed</u>.

This is a non-monitored email. Do not reply directly to it. If you have any questions about this filing, please contact the Pinellas County, Florida Circuit Civil Division.

Thank you.