Jane Doe, PhD
1217 Wilshire Blvd, #3006
Santa Monica, CA, 90403
(310) 409-6130
Email: doeplaintiffphd@gmail.com

JANE DOE, PhD, IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT
7/15/2025
CENTRAL DISTRICT OF CALIFORNIA
BY  RYO  DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN ROE 1, an individual; JOHN ROE 2, an individual; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 2:25-cv-02191-HDV-PD<br><br>**PLAINTIFF'S REQUEST FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Assigned for All Purposes to:<br>Hon. Hernan D. Vera<br><br>Original Complaint Filed: January 19, 2024<br>Trial Date: Not Set<br><br>State Court Case No. 24STCV01533 |

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

[Filed concurrently with [Proposed] Sur-Reply as Exhibit A]

Plaintiff Jane Doe respectfully moves the Court for leave to file a short Sur-Reply in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 37). The proposed Sur-Reply is attached hereto as Exhibit A.

Defendant filed a Reply on July 3, 2025 (Dkt. 47), raising new factual assertions and legal arguments that Plaintiff has not had a prior opportunity to address, including multiple new cases (e.g., *Pavlovich*, *Briskin*), factual claims regarding third-party media coverage, and jurisdictional assertions concerning a now-dismissed Florida action.

Good cause exists to permit a brief Sur-Reply to correct the record and respond to new matters raised for the first time in Defendant's Reply brief. This request is made in good faith and not for the purpose of delay.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Sur-replies are not routinely permitted in the Central District of California, but courts may allow them where new legal arguments or factual assertions appear for the first time in a reply brief. See *St. Clair v. City of Chico*, 880 F.2d 199, 201 n.1 (9th Cir. 1989); *M.H. v. County of Alameda*, No. 11-cv-02868, 2012 WL 5835732, at *2 (N.D. Cal. Nov. 16, 2012). Here, Defendant's Reply (Dkt. 47) raises new issues concerning third-party publication, Plaintiff's California ties, and a now-dismissed Florida proceeding. It also introduces new authorities not cited in the original Motion, including *Pavlovich* and *Briskin*. Plaintiff respectfully requests leave to address these matters in the attached Sur-Reply, particularly given the upcoming hearing scheduled for July 17, 2025.

## II. THE REQUESTED SUR-REPLY IS LIMITED, FACTUAL, AND NECESSARY TO CORRECT THE RECORD

The proposed Sur-Reply is concise, limited in scope, and necessary to correct the record regarding:

1. Mischaracterizations of Plaintiff's California-based professional activities and public presence;
2. Inapposite legal authorities such as *Pavlovich*, which involved materially different facts;
3. Erroneous factual claims about the scope and reach of the allegedly defamatory statements, which were originally published and re-posted well beyond Florida-based outlets; and;
4. The current legal status of the referenced Florida action, which was dismissed by Plaintiff on July 10, 2025.

Because these issues were raised for the first time in the Reply, Plaintiff had no prior opportunity to respond to them. Plaintiff submits the Sur-Reply in the interest of fairness and a full evidentiary record.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the Sur-Reply attached hereto as Exhibit A. Should the Court require further narrowing or clarification of the proposed Sur-reply, Plaintiff is prepared to promptly revise and resubmit.

Dated: July 15, 2025
Respectfully submitted,
*Jane Doe*
Plaintiff, pro se

PLAINTIFF'S REQUEST FOR LEAVE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15                                    **EXHIBIT A**
16
17
18
19
20
21
22
23
24
25
26
27
28

Jane Doe, PhD
1217 Wilshire Blvd, #3006
Santa Monica, CA, 90403
(310) 409-6130
Email: doeplaintiffphd@gmail.com

JANE DOE, PhD, IN PRO PER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN ROE 1, an individual; JOHN ROE 2, an individual; and DOES 1-100, inclusive,<br><br>　　　　Defendants. | Case No. 2:25-cv-02191-HDV-PD<br><br>**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Assigned for All Purposes to:<br>Hon. Hernan D. Vera<br><br>Original Complaint Filed: January 19, 2024<br>Trial Date: Not Set<br><br>State Court Case No. 24STCV01533 |

## I. INTRODUCTION

Plaintiff respectfully submits this Sur-Reply to address new factual assertions and legal arguments raised for the first time in Defendants' Reply (Dkt. 47), including references to the now-dismissed Florida action, mischaracterizations of Plaintiff's ties to California, and reliance on inapposite legal authority. Plaintiff files this Sur-Reply with a concurrently filed Motion for Leave to File.

## II. PURPOSEFUL AVAILMENT AND COMMERCIAL GAIN

Defendants argue that Plaintiff "fails to show that the alleged defamatory conduct was 'expressly aimed' at California," citing *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011). They claim that in *Mavrix*, the court found jurisdiction only because "Brand expressly aimed at the forum state because it exploited the California market 'for its own commercial gain.'" (Dkt. 47 at 6).

This misrepresents both the facts and holding of *Mavrix*, and ignores UCF's own conduct. UCF did, in fact, derive commercial and institutional benefit from its California ties — particularly through its relationship with Plaintiff. UCF received grants from the Air Force Office of Scientific Research ("AFOSR") via Plaintiff's submissions, which directly depended on Plaintiff's access to advanced imaging and neurostimulation equipment located at UCLA, and not available at UCF. Without those California-based assets, UCF would not have been able to fulfill its research obligations or receive those federal funds. UCF thus purposefully availed itself of California-based resources **for financial and academic gain.** Indeed, **UCF received over $300,000 in AFOSR grant funding through Plaintiff's submissions**, which were directly dependent on Plaintiff's access to California-based research infrastructure.

> "We conclude that Brand's exploitation of the California market for its own commercial gain constituted express aiming." — *Mavrix*, 647 F.3d at 1231

Moreover, UCF selectively disclosed non-public information to **Florida Politics**, a tabloid-style outlet with an estimated circulation of over 500,000 readers. While based in Florida, Florida Politics frequently covers matters of national relevance, including extensive reporting on Governor Ron DeSantis's presidential campaign. Articles from Florida Politics are routinely shared across national platforms such as Reddit, X/Twitter, and Google News.

UCF's actions ensured that the defamatory material reached an audience well beyond Florida and foreseeably caused reputational harm to Plaintiff in California. This conduct fits squarely within *Mavrix*, where the Ninth Circuit emphasized that a defendant who "individually targets a plaintiff known to be a forum resident" and causes reputational harm there is subject to jurisdiction in that forum.

> "We also conclude that Mavrix has shown that it suffered the brunt of the harm in California, where it maintains its principal place of business." — *Id.* See *Mavrix*, 647 F.3d at 1231.

UCF's conduct was not passive; it was deliberate and targeted at a Plaintiff known to reside and work in California, with foreseeable reputational and professional consequences in this forum. As the Ninth Circuit held in *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000), "**express aiming encompasses wrongful conduct individually targeting a known forum resident**." There, as here, the defendant directed harmful conduct at a California-based party, knowing the harm would be felt in the forum state. UCF's conduct thus satisfies the "effects test" for purposeful direction.

- 3 -
PLAINTIFF'S SUR-REPLY

Additionally, as *Mavrix* confirms, purposeful direction exists where a defendant "individually targets a plaintiff known to be a forum resident." UCF knew that Plaintiff lived and worked in California. It selectively leaked non-public and misleading information to national outlets with foreseeable distribution in California, including via online aggregators such as Reddit where allegedly defamatory articles were in fact reposted. The harm was direct, reputational, and squarely felt in this forum.

Finally, Defendants intentionally provided information about Plaintiff to national tabloid-style outlets, including **The College Fix**, **which is not based in Florida and does not operate as a Florida-specific publication.** These actions foreseeably caused reputational harm to Plaintiff in California. This satisfies the "effects test" for purposeful direction prong under *Calder v. Jones*, 465 U.S. 783 (1984), and *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011).

### III. PAVLOVICH AND BRISKIN ARE DISTINGUISHABLE AND LEGALLY INAPPOSITE

Defendants cite *Pavlovich v. Superior Court*, 29 Cal. 4th 262 (2002), to argue that national publication alone does not establish personal jurisdiction. But *Pavlovich* involved a passive website that merely posted decryption software online. The defendant neither expressly aimed conduct at California nor targeted any California resident. In contrast, Defendants here affirmatively disclosed non-public and misleading information to national media outlets with the intent — or at minimum, the foreseeable consequence — of harming Plaintiff, a known California resident, in her professional and academic community.

**Defendants' reliance on Briskin v. Shopify is misplaced and counterproductive to their argument.** UCF cites the 2023 panel decision in Briskin v. Shopify, Inc., 87 F.4th 404 (9th Cir.

2023), which was **vacated and overruled en banc on April 21, 2025**. The current binding precedent from Briskin actually supports Plaintiff's position.

In the en banc decision, the Ninth Circuit **rejected the 'differential targeting' requirement** that UCF relies upon, holding that companies can be subject to specific jurisdiction where they purposefully direct conduct at forum residents, even if they operate nationwide. The court emphasized that **'[t]hat may be true, but not unfair, if the contacts [defendant] makes in all 50 states are like its California contacts.'**

Like Shopify, UCF **knew Plaintiff was a California resident** and **purposefully directed harmful conduct** at her through selective disclosure of misleading information to national media outlets, knowing this would cause reputational harm in California where Plaintiff lives and works.

These facts satisfy the "express aiming" and "effects test" requirements under *Calder v. Jones*, 465 U.S. 783 (1984), and *Mavrix Photo, Inc. v. Brand Techs.*, 647 F.3d 1218 (9th Cir. 2011). *Pavlovich* is distinguishable and does not control here. Moreover, the current binding precedent from *Briskin* (en banc, 2025) **supports** Plaintiff's jurisdictional theory.

### IV. PLAINTIFF'S FLORIDA ACTION WAS DISMISSED AND IS NO LONGER RELEVANT TO JURISDICTION

Defendants cite a Florida complaint that Plaintiff neither approved nor actively pursued. That case was filed on the advice of former counsel who suggested it could serve as a placeholder in the event Defendants attempted to shift venue — as they now have. Plaintiff never intended to litigate in Florida, was unaware that the complaint had been served, and did not file under the "Jane Doe" pseudonym she has consistently used in this Court. Once Plaintiff became aware that the Florida complaint had become active, she voluntarily dismissed it on July 10, 2025.

Defendants' attempt to frame this as forum shopping is unsupported by the record. Plaintiff has consistently sought to litigate in California, where the defamatory harm occurred, where Plaintiff resides and works, and where key institutional connections between Plaintiff and UCF were located. The now-dismissed Florida action has no legal or jurisdictional bearing on this matter and should be disregarded.

**V. CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court consider this Sur-Reply in evaluating Defendants' Motion to Dismiss.

**Dated:** July 15, 2025
Respectfully submitted,
*Jane Doe*
Plaintiff, pro se