Christopher Campbell, Esq. SBN 309234
ccampbell@lydecker.com
Bryan Miller, Esq., SBN 178134
bmiller@lydecker.com
Emily Gunderson, Esq., SBN 328397
egunderson@lydecker.com
**LYDECKER**
523 West Sixth Street, Suite 716
Los Angeles, CA 90014
Telephone: (213) 226-7068
Facsimile: (213) 293-4425

Attorneys for Defendant
University of Central Florida Board of Trustees
erroneously sued as the University of Central Florida

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jane Doe, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN ROE 1, an individual; JOHN ROE 2, an individual; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 2:25-cv-02191-HDV-KES<br><br>Assigned to<br>Hon. Hernán D. Vera<br><br>**UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLORIDA'S OPPOSITION TO RECONSIDERATION OF ORDER DENYING MOTION TO REMAND**<br><br>Hearing Date: August 21, 2025<br>Time: 10:00 a.m.<br>Department: 5B<br><br>Complaint Filed:   January 19, 2024<br>Trial Date:             Not Set |

1

UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLORIDA'S OPPOSITION TO RECONSIDERATION OF ORDER DENYING REMAND

## I. PROCEDURAL BACKGROUND

On April 14, 2025, the Board of Trustees of the University of Central Florida erroneously sued as the University of Central Florida (hereinafter: "BOT") filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(2) and under Rule 12(b)(6). (ECF No. 16.) On April 16, 2025, the same motion was resubmitted due to the absence of a signature. (ECF No. 17.) On April 29, 2025, Plaintiff filed a motion to remand the federally-removed case to California Superior Court. (ECF No. 22.) On May 5, 2025, Plaintiff filed a First Amended Complaint (hereinafter "FAC") against BOT. (ECF. No. 25.) On June 5, 2025, BOT filed an opposition to the motion for remand. (ECF. No. 41.) On July 8, 2025, the Court denied Plaintiff's motion for remand. (ECF. No. 49.) On July 15, 2025, the Plaintiff filed a motion for reconsideration of the order denying the motion to remand. (ECF. No. 51.) On July 18, 2025, this Court in its discretion set the hearing on the motion for reconsideration for August 21, 2025, at 10:00 a.m. (ECF No. 53.)  On July 22, 2025, the BOT filed an *ex parte* application to unseal the record to get a copy of the reporter's transcript of the hearing of June 26, 2025, to wit, the motion for remand. (ECF. No. 59.)  The United States District Court has not ruled on the Application.

## II. LEGAL ANALYSIS

### A. The Law of the Case and this Court's Order.

Plaintiff's motion for reconsideration is factually and legally devoid and meritless. Plaintiff misconstrues this Court's order. This Court issued an order July 8, 2025, which states: "[w]hile it is true that removing party has the burden, Plaintiff herself provides sufficient evidence for the Court to find that the threshold is met. Plaintiff provides an excerpt to the allegedly defamatory article as an exhibit to her FAC, which lists Plaintiff's annual salary from her position at UCF at $113,615-a-year job. *See,* FAC, Ex. G ("UCF fired [Plaintiff] from her $223,651-a-year job….) Presumably, the job opportunities Plaintiff was being considered for would be in that same ballpark. (ECF. No. 49, page 3, ¶2 [in its entirety.])  Indeed, attached to the

2

Declaration of Bryan Miller was a starting salary at UCLA for $78,200.00 and that of Stanford at $230,000.00. Plaintiff alleges that she lost significant job opportunities, including at UCLA, as a result of the alleged defamation. (ECF No. 41, pg. 6:9-18, ECF 41-1, pg. 2:21-25, and attached exhibits.)

These are all party opponent admissions from the $113,615-a-year job to the starting salary at UCLA of $78,200.00. *Fed. Rule of Evid.* § 801(d)(2). All are in excess of the $75,000.00 for diversity jurisdiction.

This Court Order of July 8, 2025, is law of the case. The law of the case doctrine originated in the courts as a means of ensuring the efficient operation of court affairs. *Milgard Tempering, Inc. v. Selas Corp. of Am.,* 902 F.2d 703, 715 (9th Cir.1990). Specifically, this doctrine was designed to further the "principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided." *Houser,* 804 F.2d at 567. While courts are generally urged to adhere to this doctrine, it is "not an inexorable command." *Hanna Boys Center v. Miller,* 853 F.2d 682, 686 (9th Cir.1988). That is, the doctrine "is discretionary, not mandatory" and is in no way "a limit on [a court's] power." *Houser,* 804 F.2d at 567. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001).

The law-of-the-case doctrine generally provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." The doctrine "expresses the practice of courts generally to refuse to reopen what has been decided," but it does not "limit [courts'] power." *Musacchio v. United States,* 577 U.S. 237, 244–45, 136 S. Ct. 709, 716, 193 L. Ed. 2d 639 (2016). The "law of the case [a]s an amorphous concept," "[a]s most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318

///

(1983). *Pepper v. United States*, 562 U.S. 476, 506, 131 S. Ct. 1229, 1250, 179 L. Ed. 2d 196 (2011).

B.   The Florida Lawsuit

The BOT struggles to see "newly discovered evidence that affects the amount-controversy" in Plaintiff's papers. (ECF No. 51, at pg. 1:27-2:1-2)

BOT stated in oral argument regarding Jurisdiction over the Person that the decision to dismiss the Florida Lawsuit (wherein the pleading is rife with Plaintiff's own name) simply stands for the position that Florida is the proper forum to litigate the case. (ECF 61, pg. 7:1-25.)

Plaintiff's papers regarding the motion for reconsideration are, in the kindest form, misleading.

At page 2:¶3, Plaintiff writes: "Critically, the Florida complaint listed a monetary damages request of only $50,000, well below the $75,000 amount-in-controversy threshold for diversity jurisdiction under 28 U.S.C. § 1332." (ECF No. 51).

BOT requested that this Court take Judicial Notice of the Florida Case (ECF 48.). The Florida case at page 12:¶1 states, "[t]his is an action for damages and/or other relief of value that <u>exceeds</u> Fifty Thousand Dollars ($50,000.00) exclusive of interest, costs, and attorney fees. (Emphasis added.) Thus, the Plaintiff's statement is misleading.

Moreover, the BOT is incredulous that Plaintiff was "[un]aware that this action was active." (ECF No. 51, page 2:¶2.) Plaintiff, in her FAC, explicates her excellence in her area of academia, which is undisputed for purposes of this hearing, and yet concomitantly asks this Court and BOT to believe that she did not know that she had attorneys that filed a Florida lawsuit for her. This exceeds the bounds of reason.

C.   Settlement Discussions.

All settlement discussions with Plaintiff would be inadmissible under *Fed. Rule Evid.* § 408 and *Cal. Evid. Code* §§ 1119-1154.

4

"Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim." *Fed. R. Evid*. 408

"(a) Evidence that a person has, in compromise or from humanitarian motives, furnished or offered or promised to furnish money or any other thing, act, or service to another who has sustained or will sustain or claims that he or she has sustained or will sustain loss or damage, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove his or her liability for the loss or damage or any part of it." *Cal. Evid. Code* § 1152 (West)

Section 1154 stems from the same policy of encouraging settlement and compromise that is reflected in § 1152. [It is inadmissible as to the validity of the claim.] *Cal. Evid. Code* § 1154 (West)

BOT was startled and perplexed at this statement, which is inadmissible. *See,* Decl. Bryan Barnet Miller ¶¶1-17, *specifically*, ¶¶11-13. (ECF No. 59, pp. 7-9.)

Plaintiff's statement in her motion for reconsideration is denied. (*Cf.* ECF. No. 51: ¶6, pg. 2 with Decl. Bryan Barnet Miller ¶¶1-17, *specifically*, ¶¶11-13. (ECF No. 59, pp. 7-9.)

As stated in BOT's *ex parte* application, which is repeated here, assuming **arguendo** that such an offer was made, and assuming that it was not confidential, it would be a syllogism to assume that any offer in settlement would have anything to do with the jurisdictional amount for diversity jurisdiction. BOT, this Court, the Honorable Hernán Vera presiding, and presumably Plaintiff knows that this is not how negotiations work.

Plaintiff's motion for reconsideration uses the word "may" which BOT contends, that had such an offer been made, and had it been it been admissible, it would be part of a negotiation. (ECF No. 51, ¶7.)

/ / /

/ / /

/ / /

III     <u>CONCLUSION</u>

There is nothing new in this motion, there is nothing admissible in this motion, and BOT respectfully urges this court to reaffirm its original decision denying remand to California Superior Court.

Dated:     July 31, 2025                   **LYDECKER**

By: *B Miller*

Christopher Campbell
Bryan Miller
Emily Gunderson
Attorneys for Defendant
University of Central Florida Board of Trustees erroneously sued as the University of Central Florida

6

# PROOF OF SERVICE

United States District Court

Central District of California

*Jane Doe*

v.

*John Roe 1, et al.,*

Case No. 2:25-cv-02191-HDV-KES

I, Devon MacGregor, am employed in Los Angeles County, California. I am over the age of 18 years and not a party to the within action. My business is 523 W. 6th Street, Suite 716, Los Angeles, CA 90014, (213) 226-7068.

On July 31, 2025, I caused to be served the following document as follows:

**UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLORIDA'S OPPOSITION TO RECONSIDERATION OF ORDER DENYING MOTION TO REMAND**

**BY ELECTRONIC SERVICE:** I caused said documents to be transmitted by electronic mail. The name(s) and email address(es) of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

I declare that penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on July 31, 2025, at Winchester, California.

*Devon MacGregor*
Devon MacGregor

UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLORIDA'S OPPOSITION TO RECONSIDERATION OF ORDER DENYING REMAND

# PROOF OF SERVICE

United States District Court

Central District of California

*Jane Doe*

v.

*John Roe 1, et al.,*

Case No. 2:25-cv-02191-HDV-KES

Jane Doe, PhD
1217 Wilshire Blvd.
Santa Monica, CA 90403
(310) 409-6130
doeplaintiffphd@gmail.com
***Plaintiff in Pro Per***

UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLORIDA'S OPPOSITION TO RECONSIDERATION OF ORDER DENYING REMAND