Jane Doe, PhD
1217 Wilshire Blvd, #3006
Santa Monica, CA, 90403
(310) 409-6130
Email: doeplaintiffphd@gmail.com

JANE DOE, PhD, IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT
07/29/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___GSA___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN ROE 1, an individual; JOHN ROE 2, an individual; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 2:25-cv-02191-HDV-PD<br><br>**OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO UNSEAL TRANSCRIPT OF JUNE 26, 2025 (Dkt. 59)**<br><br>Assigned for All Purposes to:<br>Hon. Hernan D. Vera<br><br>Original Complaint Filed: January 19, 2024<br>Trial Date: Not Set<br><br>State Court Case No. 24STCV01533 |

## I. INTRODUCTION

Plaintiff Jane Doe respectfully opposes Defendant's Ex Parte Application (Dkt. 59) to unseal the reporter's transcript of the sealed June 26, 2025 hearing. This Court has already sealed related filings and cleared the courtroom at that hearing in recognition of Plaintiff's right to proceed under a pseudonym for safety and privacy reasons. Defendant's application fundamentally disregards these court protections and appears designed to intimidate Plaintiff while circumventing normal procedural requirements.

## II. PLAINTIFF'S COURT RECOGNIZED PSEUDONYM SHOULD BE RESPECTED

The Court has sealed prior filings (Dkts. 14, 45) and cleared the courtroom during the June 26 hearing specifically to protect Plaintiff's identity. Disclosure of the transcript would risk undoing these protections, as Plaintiff believes her legal name or other identifying information may have been stated or could be inferred from the context of the hearing.

## III. ADEQUATE ALTERNATIVE REMEDIES EXIST

Defendant has numerous alternatives to unsealing the transcript:

1. **Normal briefing process**: Defendant can address any factual disputes in their regular opposition brief to Plaintiff's motion for reconsideration
2. **Request for clarification**: Defendant can ask the Court to clarify what occurred at the hearing without unsealing the entire transcript
3. **In camera review**: The Court can review the transcript privately to resolve any disputed facts.

- 2 -
OPPOSITION TO EX PARTE APPLICATION TO UNSEAL

# IV. DEFENDANT FAILS TO MEET THE STRINGENT STANDARD FOR EX PARTE RELIEF

There is no emergency justifying ex parte relief. The ex parte application is procedurally improper under *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490–92 (C.D. Cal. 1995), where ex parte relief requires: (1) irreparable harm or injury, and (2) that such harm was not of the movant's own making. Defendant fails both prongs.

### A. **No Irreparable Harm**

Defendant's claimed "irreparable harm" is merely that they disagree with Plaintiff's characterization of events at the June 26 hearing. This is precisely the type of ordinary litigation dispute that is resolved through regular briefing and judicial determination—not emergency ex parte procedures. Defendant's counsel admits his own memory "may be subject to fault" (Miller Decl. ¶7), yet seeks emergency relief based on that admittedly fallible recollection.

### B. **Any Alleged Harm is of Defendant's Own Making**

Defendant created this purported urgency by filing their opposition to Plaintiff's motion for reconsideration and then claiming they need the transcript to respond effectively. This is not the type of unforeseen emergency justifying ex parte relief.

# V. UNSEALING WOULD UNDERMINE COURT PROTECTIONS AND POTENTIALLY CAUSE IRREPARABLE HARM TO PLAINTIFF

**A. The Court Has Already Recognized Plaintiff's Need for Anonymity**

This Court has twice sealed documents (Dkts. 14, 45) and cleared the courtroom during the June 26 hearing specifically to protect Plaintiff's identity. The Court noted that Plaintiff's initial motion to

remand contained "identifying information" that warranted sealing. (Dkt. 15.) These protections were not granted lightly and should not be circumvented through an improper ex parte application.

**B. Genuine Safety and Privacy Concerns Exist**

As a woman pursuing legal redress against a powerful institution for defamation, Plaintiff faces legitimate concerns about retaliation and further harm to her reputation and career. The transcript likely contains Plaintiff's legal name, details about her employment, or other identifying information that would compromise the pseudonym protections this Court has carefully maintained.

**C. Unsealing Sets Dangerous Precedent**

Allowing defendant institutions to circumvent pseudonym protections through tactical ex parte applications would chill other victims from seeking judicial redress and undermine the integrity of the Court's protective orders.

**VI. DEFENDANT'S TRUE MOTIVE APPEARS TO BE INTIMIDATION AND SANCTIONS THREATS**

Defendant's declaration is replete with inflammatory language describing Plaintiff's filings as "grossly inaccurate" and "false" (Miller Decl. ¶¶3-4). Defendant explicitly threatens Rule 11 sanctions (Miller Decl. ¶¶5, 14) while simultaneously acknowledging their own counsel's memory may be faulty. This pattern suggests the true purpose is not clarifying factual disputes but rather intimidating Plaintiff and laying groundwork for sanctions motions—an improper use of the ex parte process that this Court should reject.

**VII. THE PRESUMPTION OF ACCESS DOES NOT APPLY TO TRANSCRIPTS OF SEALED HEARINGS**

While Defendant cites *Foltz v. State Farm Mut. Auto. Inc. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) regarding presumption of access, that presumption does not override this Court's deliberate decision to conduct the hearing under seal to protect Plaintiff's anonymity. The Court has already balanced the competing interests and determined that sealing was appropriate.

## VIII. CONCLUSION

Plaintiff respectfully requests that the Court deny Defendant's Ex Parte Application (Dkt. 59) in full**.** Defendant has failed to demonstrate any emergency justifying circumvention of normal procedural requirements or compromise of this Court's protective orders. Their disagreement with Plaintiff's characterization of hearing events is precisely the type of ordinary litigation dispute that should be resolved through regular briefing, not emergency procedures that threaten a party's court-ordered anonymity protections. The risks to Plaintiff's safety, privacy, and procedural fairness far outweigh any claimed benefit. Should the Court find any portion of the transcript useful for clarification, Plaintiff asks that it be reviewed in camera or under seal.

Dated: July 29, 2025
Respectfully submitted,
*/s/ Jane Doe*
Plaintiff, pro se