UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02191-HDV-PDx | Date | September 2, 2025 |
|---|---|---|---|
| Title | *Jane Doe v. John Roe et al.* | | |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER DENYING MOTION FOR RECONSIDERATION [51]**

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion to Remand (the "Motion"). [Dkt. 51]. The Court found this matter appropriate for decision without oral argument and took the matter under submission on August 14, 2025. [Dkt. 67].

Plaintiff originally filed this action in state court, but it was removed to this Court based on diversity jurisdiction. [Dkt. 1]. Plaintiff moved to remand, arguing that, while the parties are diverse, the amount in controversy is below $75,000. [Dkt. 22]. On July 8, 2025, the Court denied Plaintiff's Motion to Remand (the "Order"). [Dkt. 49]. Plaintiff now argues there is "newly discovered evidence that materially affects the amount-in-controversy analysis." Motion at 1. The Court finds that Plaintiff fails to present a valid basis for reconsideration.

Reconsideration of a court's order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A party seeking reconsideration must show: "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law

occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." [1] C.D. Cal. R. 7-18.

Plaintiff first argues that a separate, but related, defamation complaint she filed in Florida state court supports her position that the amount in controversy is below $75,000. But that complaint listed the damages as a "value that exceeds Fifty Thousand Dollars ($50,000), exclusive of interest, costs and attorneys' fees." [Dkt. 48 at 12]. This generalized pleading in no way establishes that the amount in controversy is below $75,000. Regardless, it does not alter the Court's prior analysis, which found that Plaintiff alleged she lost career opportunities which would have paid an annual six figure salary. [Dkt. 49].

Plaintiff additionally argues that a $45,000 settlement offer she received from Defendants suggests her case is worth less than the $75,000 threshold. But settlement discussions are inadmissible, and here they are wholly immaterial to the Court's objective analysis of the amount in controversy.

The Motion is denied.

**IT IS SO ORDERED.**

---

[1] The Court interprets Local Rule 7-18 to be coextensive with Rule 59(e) and Rule 60(b). *See Berkley Ins. Co. v. Levin*, No. 2:22-CV-07881-HDV-MARX, 2024 WL 1813474, at *1 (C.D. Cal. Apr. 2, 2024).