Christopher Campbell, Esq. SBN 309234
Bryan Miller, Esq. SBN 178134
**LYDECKER**
523 West Sixth Street, Suite 716
Los Angeles, CA 90014
Telephone: (213) 226-7068
Facsimile: (213) 293-4425
ccampbell@lydecker.com
bmiller@lydecker.com
jenkhbayar@lydecker.com

Attorneys for University of Central Florida
Board of Trustees erroneously sued as the
University of Central Florida

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# (WESTERN DIVISION)

| | |
|---|---|
| JANE DOE, an individual, | CASE NO.: 2:25-CV-02191-HDV-KES |
| Plaintiff, | |
| vs. | Before The Honorable United States District Court Judge Hernan D. Vera |
| JOHN ROE 1, an individual; JOHN ROE 2, an individual; and DOES 1-100 inclusive, | **THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLORIDA'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENSES** |
| Defendants. | |
| | Complaint Filed:  January 19, 2024 |
| | Trial Date:  Not Set |

# I. INTRODUCTION

Defendant University of Central Florida Board of Trustees (hereinafter "Defendant" or "BOT") denies making any defamatory statements about Plaintiff Jane Doe, PhD (hereinafter "Plaintiff") through negligent misstatements or omissions. Defendant further denies making any statements that allegedly caused substantial reputational and professional harm to Plaintiff. Defendant denies any alleged negligence culminating in the publication of an online article titled "**Ghosted: Double life of UCF professor unravels**," which made statements that Plaintiff's career had "unraveled" and that she "secretly" held dual academic appointments. Defendant admits Plaintiff maintained a longstanding California residence. Defendant objects to the statement that Plaintiff suffered alleged harms such as canceled interviews, lost job opportunities, and reputational injury as it calls for speculation, lacks foundation and a legal argument.

Defendant admits Plaintiff has lived in California for nearly two decades and has maintained the same residence and vehicle registration. Defendant objects to the term "relevant" as vague, ambiguous and subjective. Defendant denies they were aware of Plaintiff's California ties or were actively engaged in business dealings connected to California. Further, Defendant objects to this statement as it calls for a legal argument and is overbroad in regard to scope and time of Plaintiff's tenure at the University of Central Florida.

1.    Defendant denies they expressly approved Plaintiff's dual appointment with the University of California, Los Angeles or that they had knowledge and gave consent to Plaintiff's professional activities in California. Defendant further objects to this statement as it is overbroad as to time and scope but states that it never approved Plaintiff's dual appointment as it violates UCF's BOT guidelines, ethically and otherwise.

2.    Defendant does not have sufficient information to admit or deny whether a graduate student was authorized and received funding to visit UCLA to

learn Magnetic Resonance Imaging and neuroimaging techniques. Defendant objects to this statement as vague in regard to time, relevance, and is misleading.

3.    Defendant does not have sufficient information to admit or deny whether they approved and acknowledged Plaintiff's publications to list both UCF and UCLA affiliations.

4.    Defendant denies they knew or reasonably should have known that any statements concerning Plaintiff's professional conduct and reputation would directly impact her standing within California's academic and research communities. "Knew or reasonably should have known" is a conclusory legal argument which on these facts is factually devoid under *Iqbal* and *Twombly*.

Defendant denies being the primary source for the inaccurate information published in the *Florida Politics* article. Defendant denies being aware of the journalist's deadline or that they forwarded Plaintiff's response to the journalist after the deadline had passed. Defendant also denies any actions that contributed to the defamatory nature of the publication.

## II. THE PARTIES

1.    Defendant admits that Plaintiff is currently domiciled in the county of Los Angeles in the State of California. Defendant objects to this statement as it is vague and ambiguous in regard to the relevant time. "Relevant" is vague and ambiguous and subjective.

2.    Defendant admits it is a public entity organized under the laws of the State of Florida, with its principal place of business in Orlando. Defendant further admits they acted through its employees, agents, and officials at all relevant times. Defendant does not have sufficient information to admit or deny whether some of those employees, agents, or officials are unknown to Plaintiff.

3.    Defendant does not have sufficient information to admit or deny whether defendants John Roe 1-100 are individuals, entities, or organizations whose true names and capacities are currently unknown to Plaintiff. Additionally,

3

Defendant doesn't have sufficient information to admit or deny whether each fictitiously named Defendant is in some manner responsible for the actions, omissions, events, transactions, and circumstances alleged. Lastly, Defendant lacks sufficient information to admit or deny whether Plaintiff will seek leave of Court to amend the complaint to assert the true names and capacities of the fictitiously named Defendants when they have been ascertained.

4.      Defendant lacks sufficient information to admit or deny whether Plaintiff is informed, and believes that each Defendant were acting as agents, employees, or representatives of one another or if they were acting within the course and scope of such relationships at all times.

5.      Defendant lacks sufficient information to admit or deny whether the term "**Defendants**" shall refer collectively to the University of Central Florida Board of Trustees and the fictitiously named John Roe Defendants.

### III. JURISDICTION AND VENUE

6.      Defendant admits Plaintiff filed the First Amended Complaint in response to Defendant's motion to dismiss without waiving her pending Motion to remand or conceding that federal jurisdiction is proper.

7.      Defendant denies that the Court has personal jurisdiction over Defendant. Defendant denies that they purposefully directed conduct toward Plaintiff or that it was foreseeable to know that the effects of its alleged conduct would be felt in California. Defendant further denies that they selectively disclosed information to *Florida Politics* that would foreseeably cause reputational and economic harm to Plaintiff in California.

8.      Defendant admits Plaintiff is, and at all relevant times was, domiciled in the State of California. Defendant further admits Plaintiff was born in California and has continuously maintained residence in California for over 18 years. Defendant objects to the statement that she has paid utility bills during all relevant times, holds a valid California driver's license, is registered to vote in California,

1  and owns a vehicle in California as it is vague and ambiguous as to the relevant

2  times. Defendant further objects to this statement as it is misleading as to choice of

3  law, venue, subject matter jurisdiction, and the effects test in *Calder.*

4      9.    Defendant neither admits nor denies that Plaintiff's professional and

5  academic work was largely rooted in California as the statement is vague and

6  overbroad as to scope and time. Defendant lacks sufficient information to admit or

7  deny whether Plaintiff also maintained ongoing professional obligations and

8  research collaborations within the state..  Defendant denies that they approved of

9  plaintiff's dual appointment.

10      10.    Defendant denies they were fully aware of Plaintiff's significant

11  California ties and that Plaintiff's appointment with UCLA was disclosed to UCF

12  in annual reports signed and approved by UCF supervisors. Defendant does not have

13  sufficient information to admit or deny whether Plaintiff published with both UCLA

14  and UCF affiliations or that these publications were disclosed on approved reports.

15  Defendant objects to the statement about the disclosure of affiliations as it is vague

16  in regard to time and that it is misleading. Defendant objects to the statement that

17  UCF approved student travel to California to work and study with Plaintiff at UCLA

18  as part of Plaintiff's academic and mentorship work as it is vague in regard to time

19  and that it is misleading. The term "affiliation" is vague, ambiguous and subjective.

20  Defendant denies that it approved Jane Doe's dual appointment as this would violate

21  ethical and written policy and procedure and would be a conflict of interest.

22      11.    Defendant denies that venue is proper in this district pursuant to 28

23  U.S.C. § 1391(b).

24      12.    Defendant objects to the statement that jurisdiction and venue are

25  further supported under the "effects test" established in *Calder v. Jones,* 465 U.S.

26  783 (1984) because the statements concerned a California resident and was

27  published in a manner that would foreseeably cause reputational harm in California

28  / / /

THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLROID'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENSES

as it is a legal conclusion. Subject to the legal objections, Defendant denies this statement.

13.    Defendant objects to the statement that California maintains a compelling interest in protecting the rights and reputations of its residents against defamatory statements and that upholding jurisdiction aligns with California's commitment to safeguarding its citizens as this is a legal conclusion. Defendant contents that *Calder, Burri and Pavlovich* are inapposite to this case.

## IV. FACTUAL BACKGROUND

### A. Plaintiff's Academic and Professional Standing.

14.    Defendant admits Plaintiff is a computational neuroscientist, that she began her academic career studying biomedical engineering at Johns Hopkins University, and that she published research on genetics. Defendant also admits Plaintiff completed her master's degree at the University of Pennsylvania and began investigating the neurological basis of Parkinson's disease. Lastly, Defendant admits Plaintiff completed her PhD at UCLA in the nanoengineering program and did her dissertation on environmental effects that can cause Parkinsonism.

15.    Defendant admits Plaintiff began her postdoctoral work at UCLA by applying advanced machine learning techniques to study patterns of brain activity and that she applied these techniques to neurological diseases. Defendant also admits Plaintiff's recent work has explored the effects of low-intensity transcranial focused ultrasound on electroencephalography ("EEG") signals.

16.    Defendant lacks sufficient information to admit or deny wither Plaintiff has authored or co-authored over 50 peer-reviewed publications in leading scientific journals throughout her academic career. Further, Defendant lacks sufficient information to admit or deny whether Plaintiff has been cited more than 4,000 times or if she holds an index of 24.

17.    Defendant lacks sufficient information to admit or deny whether Plaintiff's scholarship spans multiple disciplines or that she has delivered lectures

THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLROID'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENSES

at some of the most prestigious scientific meetings and academic symposia. Further, Defendant lacks sufficient information to admit or deny that Plaintiff's reputation for academic excellence is reflected in these invitations and her ongoing contributions of the advancement of neuroscience. Defendant objects to this statement as it is conclusory.

**B. Plaintiff's Employment at UCF and at UCLA.**

18.    Defendant admits that in 2015, Plaintiff served as a visiting postdoctoral scholar at University College of London and was appointed a non-tenure-track Adjunct Assistant Professor and Researcher at UCLA upon returning to the United States.

19.    Defendant admits in the fall of 2016, Plaintiff was hired as a tenure-track Assistant Professor at the University of Central Florida and that her role consisted of mentoring graduate students, teaching courses, securing competitive grant funding, and publishing original research.

20.    Defendant lacks sufficient information to admit or deny whether upon Plaintiff's hiring at UCF, she was told by her supervisor that she could maintain her UCLA appointment or that the UCF directors were aware of Plaintiff's concurrent appointment as the letter in Exhibit A of the complaint postdates Plaintiff's separation with UCF. Defendant also lacks sufficient information to admit or deny that Plaintiff's colleagues at UCLA were aware of her concurrent appointment and that such arrangements were common. Defendant objects to this statement as it is misleading and overbroad in regard to time.

21.    Defendant admits that Plaintiff regularly submitted annual reports to UCF and that she co-authored a number of scientific papers with members of the UCF community but denies she disclosed her affiliation with both universities in these documents. Defendant also denies that Defendants were aware of both affiliations in the publications and that they were signed and formally approved by UCF supervisors. Defendant objects to this statement as misleading, overbroad as

THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLROID'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENES

to scope and time, and conclusory. Defendant further objects to the phrase "common practice" as ambiguous.

22.    Defendant admits Plaintiff involved UCF graduate students in research efforts but denies that those research efforts were joint or that UCF approved funding and travel for the students to visit the UCLA laboratory. Defendant objects to the statement that the arrangement was transparent, academically productive, and formally approved by UCF faculty as the statement is conclusory and calls for a legal argument. Defendant denies that it approved of plaintiff's dual appointment.

23.    Defendant objects to the statement that Plaintiff was invited to lecture at numerous highly selective conferences as it is vague in regard to time and overbroad in regard to scope and time. Defendant objects to the phrase "highly selective conferences and speaker series" as vague and subjective. Defendant objects to the statement that they formally approved travel request forms as it is vague in regard to time. Defendant objects to the statement that they approved Plaintiff's request for a "buyout" of her teaching commitment in order to attend and deliver lectures at these events which was financially beneficial to the department as it is vague, ambiguous, and unintelligible.

24.    Defendant lacks sufficient information to admit or deny whether it was common for faculty members in Plaintiff's department to work remotely for extended periods of time, even before COVID-19. Defendant denies that Plaintiff complied with university protocols at all times. Defendant objects to this statement as it is overbroad in regard to time and scope. Defendant never approved Plaintiff's dual appointment or use of her personal email for work related to the UCF.

25.    Defendant objects to the statement that Plaintiff received high marks in her Student Perception of Instruction evaluations during her time at UCF as it calls for speculation and a legal argument.

26.    Defendant admits that Plaintiff began reporting to a new supervisor following the pandemic who requested the faculty submit formal remote work

THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE
UNIVERSITY OF CENTRAL FLROID'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC)
FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENES

request forms. Defendant denies the implicit implication that this was a formal approval of remote work or dual appointment. Defendant admits Plaintiff complied with this directive and submitted a written remote work request. Defendant denies that the remote work form was formally approved by UCF officials. Defendant objects to the statement that the approval by UCF officials further confirmed their awareness and authorization of Plaintiff's continued off-site academic activity as it lacks foundation and calls for speculation.

27.    Defendant admits Plaintiff formally submitted her tenure dossier for review in 2022. Defendant also admits that UCF contacted four external reviewers to provide letter evaluations of Plaintiff's work and advancement to tenure as part of the process. Defendant objects to the statement that the letters attested to Plaintiff's unwavering dedication to her profession, her substantial contributions to the field, and the high regard in which she is held within the academic community as it is conclusory, speculative, subjective, and calls for a legal argument.

28.    Defendant lacks sufficient information to admit or deny whether Plaintiff resigned from her appointment at UCLA following the conclusion of her grant-funded work and was told that she could maintain an honorary appointment to support ongoing collaborations and research activities. Defendant admits Plaintiff was an adjunct professor which is markedly different from a tenured professor and is significantly misleading. Defendant denies that any dual appointment was approved by it.

29.    Defendant admits on or about October 20, 2022, UCF issued a Notice of Intent to Terminate Plaintiff's employment and provided a ten-day window for a written response.

30.    Defendant denies on or about October 31, 2022, Plaintiff submitted a timely written response to the notice of intent to terminate and stated her belief that UCF's decision was biased and based on false information. Additionally, Defendant denies they had actual or constructive knowledge of the written response from

Plaintiff and that the journalist at *Florida Politics* requested the written response prior to the publication of the first article.

Actual and constructive knowledge are legal terms of art are conclusory, legal argument, and lack foundation.

31.    Defendant admits on or about November 1, 2022, Plaintiff was formally terminated from her position at UCF.

## C. *Florida Politics* Publishes First (Defamatory) Article.

32.    Defendant lacks sufficient information to admit or deny whether on or about January 22, 2023, *Florida Politics* negligently published a false, misleading, and defamatory web-based article with the headline "Ghosted: Double life of UCF professor unravels," or that the article and headline itself were negligently false, misleading, and defamatory. Further, Defendant lacks sufficient information to admit or deny whether the article negligently claimed that Plaintiff's career had "unraveled," or that she "secretly" held dual appointments at UCLA and UCF. Defendant objects to the above statements as conclusory and irrelevant unless *Florida Politics* is a party to this lawsuit. Defendant denies Plaintiff's dual appointments weren't a secret or that Defendant knew of and condoned the dual appointments. Defendant further denies that such dual appointments are standard in the academic community.

33.    Defendant objects to the statement that *Florida Politics* negligently stated the falsehoods about Plaintiff as it is conclusory and irrelevant unless *Florida Politics* is a party to the lawsuit.  Defendant denies there was correspondence between Defendants and *Florida Politics* that stated Defendant had knowledge of the dual appointments. This statement (correspondence between…appointments) is vague, ambiguous, and unintelligible. Defendant objects to the remainder of the statement as it calls for a legal argument, lacks foundation, calls for speculation, and is overbroad in regard to scope and time. Defendant objects to the terms "frequently," "easily," and "relevant" as they are vague and ambiguous. Defendant objects to the

THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLROID'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENES

phrase "multiple academic affiliations are common in Plaintiff's field" as irrelevant. Defendant objects to the statement that the claim in the article was negligently false and defamatory as it is a legal conclusion. Subject to the legal objections, Defendant denies the entirety of this statement.

34.     Defendant objects to the statement that *Florida Politics'* statement that Plaintiff's career had "unraveled" was negligently false, that Plaintiff had invitations to interview at other universities after leaving UCF, that Plaintiff had scientific publications and grants under review, and that Plaintiff was scheduled to participate in upcoming scientific meetings as irrelevant, speculative, lacking foundation, and is a legal argument. Subject to the legal objections, Defendant neither admits nor denies this statement.

**D. Republication by Defendant *College Fix***

35.     Defendant objects to the statement that in January 2023 *College Fix* published an article titled "Professor Secretly Held Two Full-Time Jobs on Opposite Coasts" and that the body of the article restated the content of the article published by *Florida Politics,* as it is irrelevant. Defendant objects to the statement that the article perpetuated a false narrative damaging Plaintiff's professional reputation by reasserting the falsehood that her dual appointments were held in secret, as it calls for a legal conclusion and is vague in regard to the time and scope. Subject to the legal objections, Defendant has insufficient evidence to admit or deny this statement.

36.     Defendant objects to the statement that *College Fix* made no effort to contact Plaintiff for her comment and/or response as it is irrelevant, speculative, lacks foundation, and calls for a legal argument.

37.     Defendant objects to the statement that *College Fix* exhibited negligence by widely disseminating the paraphrased version of the original article without making an effort to contact Plaintiff and that their lack of due diligence further compounded the false narrative and contributed to the widespread

/ / /

THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLROID'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENES

misinformation about Plaintiff's professional reputation as it is irrelevant, lacks foundation, calls for speculation, and calls for a legal argument.

**E. Defendant's Role in the Florida Politics Article and Subsequent Publication**

38. Defendant admits that Plaintiff's prior legal counsel obtained email communications between Defendant and *Florida Politics* through a public records request under Florida's Sunshine Law. Defendant denies they played a central role in shaping the narrative of the original article which is revealed in those emails by providing selective information about Plaintiff's employment and academic activities. Defendant objects to this statement as it lacks foundation and is speculative. Defendant objects to the statements that in a separate email to Plaintiff's former counsel, a representative from *Florida Politics* stated all the statements about Plaintiff were based on official reports from UCF which confirmed the publication relied entirely on information provided by Defendant as it is hearsay and doesn't comply with the best evidence rule. Subject to those legal objections, Defendant denies the statement.

39. Defendant lacks sufficient information to admit or deny whether a journalist from *Florida Politics* stated she found scientific publications from Plaintiff that showed both UCF and UCLA affiliations. Additionally, Defendant objects to the statement that the information was brought to their attention, but they made no effort to correct the misleading narrative which directly contributed to the defamatory portrayal in the article as it assumes facts and lacks foundation.

40. Defendant objects to the statement that the journalist explicitly asked Defendant for a "mug shot" of Plaintiff which signaled a clear intent to frame the story in a negative light, that the journalist requested Plaintiff's written response to the termination notice, but Defendants did not produce it in a timely manner as it is a legal conclusion, it is misleading, and it lacks foundation to show Defendant's "duty" to reply to the journalist.

/ / /

THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLROID'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENES

41.     Defendant denies they suggested Plaintiff was often absent prior to the pandemic despite the university approving her travel, her teaching "buyout," having no formal written policy requiring in-person work, and allowing other faculty to work remotely for extended periods of time. Defendant asserts that the paragraph is compound and conjunctive, is speculative, and lacks foundation.  Defendant denies that it approved Jane Doe's dual appointment as it violated its written policy and posed a conflict of interest.

42.     Defendant admits prior to publication on or about January 19, 2023, *Florida Politics* wrote to UCF asking for comments in response to the then-unpublished article. Defendant denies that they negligently failed to correct the false narrative presented in the article. Additionally, Defendant objects to the statement as it is conclusory and calls for a legal argument.

43.     Defendant denies they knowingly contributed to the dissemination of the false and defamatory article by distributing the link via the UCF News email listserv. Defendant objects to this statement as the listserv is protected by 47 U.S.C. § 230 and may not be used in a defamation action. Further, Defendant objects to the statement as the listserv is viewpoint-neutral. Lastly, Defendant objects to this statement as it is legally devoid of merit.

44.     Defendant denies they were aware of *Florida Politics'* intended deadline for publication and purposely failed to provide Plaintiff's written response in a timely manner. Defendant further denies they represented gross negligence by forwarding the written response after the article was published and directly contributed significant damage to Plaintiff's professional reputation. Defendant objects to this statement as it lacks foundation, is a legal assumption, conclusory, and calls for a legal argument.

45.     Defendant objects to the statement that following the receipt of Plaintiff's written response, *Florida Politics* published a second article which presented a significantly more balanced, factually accurate, and favorable account

of Plaintiff's professional circumstances which was crucial to correct the false and misleading narrative of the original article as irrelevant, calls for a legal conclusion, and calls for a legal argument. Subject to the legal objections, Defendant denies the entirety of the statement.

46.    Defendant objects to the statement that they demonstrated a pattern of investigating its faculty and graduate students based on false allegations and negligently released those false allegations to the *Orlando Sentinel* which published an article based on the information provided by UCF that caused reputational harm to three faculty members, and that Plaintiff has since learned the members were cleared of these false allegations as conclusory, speculative, lacks foundation, inflammatory, legally inadmissible, and factually devoid. Subject to the legal objections, Defendant denies the entirety of the statement.

**G. Resulting Harm to Plaintiff**

47.    Defendant objects to the statement that scientists rely heavily on their reputation, that Plaintiff was an active part of the neuroimaging scientific community, and that the harm to her reputation resulted in a lack of calls and invitations to academic events as it is conclusory, speculative, subjective, legal argument, and lacks foundation.

48.    Defendant objects to the statement that the article was devastating to Plaintiff's career and reputation and that her invitations to interview at the University of Miami and Stanford were rescinded, and that she was unable to obtain a teaching position at UCLA as it is conclusory, speculative, inflammatory, lacks foundation, calls for a legal argument, and lacks causation.

49.    Defendant objects to the statement that Plaintiff was told by her former supervisor at UCLA that she could retain an honorary affiliation and that the new head of the department at UCLA indicated an unwillingness to engage in communications with Plaintiff as it calls for speculation, is irrelevant, lacks

/ / /

THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLROID'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENES

foundation, and lacks causation. Subject to those objections, Defendant has insufficient evidence to admit or deny this statement.

## FIRST CAUSE OF ACTION

### Negligent Defamation

50.    Defendant admits that Plaintiff incorporates by reference each and every allegation of paragraphs 1-49, inclusive, as though fully set forth herein.

51.    Defendant denies they made any defamatory or false statements that were published in the article or paraphrased in subsequent articles. Defendant objects to the phrase "articles" as it is vague and ambiguous.

52.    Defendant objects to the statement that they acted unreasonably and negligently in making and disseminating false statements, as it is conclusory and boilerplate jury instructions.

53.    Defendant objects to the statement that the article contained statements from Defendant that exposed Plaintiff to contempt, ridicule, and disgrace which has a natural tendency to injure her personal and professional reputation as it is conclusory and boilerplate jury instructions.

54.    Defendant objects to the statement that the defamatory statements were "of and concerning" Plaintiff and that the persons reading the article would reasonably understand it was referencing Plaintiff as it is conclusory and boilerplate jury instructions.

55.    Defendant objects to the statement that Defendant made statements that were defamatory on their face and caused Plaintiff to be shunned, or avoided, which injured her profession as it is conclusory and boilerplate jury instructions.

56.    Defendant objects to the statement that they made statements that are libelous per se and actionable without the need for further explanation as it is conclusory and boilerplate jury instructions, calls for a legal conclusion, and calls for a legal argument.

/ / /

THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLROID'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENES

57.    Defendant objects to the statement that they made false statements that significantly injured Plaintiff in her professional reputation by falsely stating she secretly held dual appointments to the detriment of both institutions as it lacks causation, calls for speculation, is a true statement, and calls for superseding and intervening causes.

58.    Defendant objects to the statement that the defamatory statements in the article were unprivileged, not of opinion, satire, or fair comment as it is conclusory and boilerplate jury instructions.

59.    Defendant objects to the statement that the statements were defamatory, published negligently, published without a reasonable investigation into their truth, and in a manner lacking due care as it is conclusory and boilerplate jury instructions. Defendant further objects as the statement lacks foundation, calls for speculation, vague as to the term "upon information and belief" as it is only valid if supported by fact, and on that basis the paragraph is legally improper.

60.    Defendant objects to the statement that Plaintiff suffered general and special damages as a direct and proximate result of the above-described conduct as it is conclusory and boilerplate jury instructions.

61.    Defendant objects to the statement that their actions resulted in the republication of defamatory statements by third parties and caused additional and continuing harm to Plaintiff as it is conclusory and boilerplate jury instructions.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Tenth Amendment: Sovereign Immunity)**

62.    The Board of Trustees is subject to immunity from lawsuits except as stated in Florida Statute under 768.28.

/ / /

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

63.    This United States District Court lacks jurisdiction under the 10th Amendment of the United States Constitution, due to Florida's sovereign immunity under Florida Statutes, the Federalist Papers and the concepts of federalism articulated under the 10th Amendment.

## THIRD AFFIRMATIVE DEFENSE

### (CBA and Arbitration as a Condition Precedent; Exhaustion of Internal Remedies)

64.    Plaintiff was a member of the union and subject to a collective bargaining agreement, which provided for binding arbitration.  The grievance procedure under collective bargaining was a condition precedent before exploring any venue in the courts of these United States.

## FOURTH AFFIRMATIVE DEFENSE

### (Eleventh Amendment: Sovereign Immunity in Federal Court as to Florida Law)

65.    Under the Eleventh Amendment one may not sue a State in Federal Court without its consent.  However, under Eleventh Circuit judicial precedence, removal to federal court does not waive Florida or Board of Trustees Sovereign immunity.  Florida's Sovereign immunity provides for damage caps and that a lawsuit must be filed in the State of Florida under the Florida Statutes 768.28.

## FIFTH AFFIRMATIVE DEFENSE

### (Full Faith and Credit)

66.    This United States District Court lacks jurisdiction due to the Full Faith and Credit Clause of the United States Constitution. Article IV, Section 1:

67.    Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings

shall be proved, and the Effect thereof. By allowing this action to proceed in the State of California, this United States District Court must follow the law of the Eleventh Circuit as to sovereign immunity.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction Over the Person)

68.    As to the Tort of Defamation, the effects test of *Calder, Burri* and *Pavlovich* require purposeful direction aimed at the Forum State of California.

69.    The test of the elements under *Schwarzenegger* are to be read in the conjunctive with the intentional tort occurring contemporaneously with the intentional direction towards the forum state.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action Under 47 U.S.C. § 230)

70.    The Board of Trustees listserv is a platform which has been granted immunity by Congress as an information content provider and is protected from acts such as defamation and is immune from prosecution by an article such as *Florida Politics* or *The College Fix*.

## EIGHTH AFFIRMATIVE DEFENSE

### (Truth as a Defense)

71.    Any statement made by the Board of Trustees is truthful, which is a complete bar to a defamation lawsuit.

## NINTH AFFIRMATIVE DEFENSE

### (Wrongful Termination Action Termed as a Defamation Action: Lack of Jurisdiction)

72.    This lawsuit is in fact a wrongful termination lawsuit fashioned as a defamation lawsuit as plaintiff is forum shopping as she does not want to litigate in Florida.

/ / /

/ / /

THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLROID'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENES

### TENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim under 47 U.S.C. § 230)

73.    Plaintiff fails to state a claim for relief under 47 U.S.C. section 230 as to the Board of Trustees.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim: Arbitration (FAA)

74.    Plaintiff failed to exhaust internal remedies under the Collective Bargaining Agreement, which contains an arbitration provision that is governed by the Federal Arbitration Act.

### TWELFTH AFFIRMATIVE DEFENSE

### (Fraud and Deceit)

75.    Plaintiff acted fraudulently and deceptively in concealing her work for UCLA, and other entities, from 2016 until the date of her termination.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Request for Attorney's Fees and All Costs Related to this Action)

76.    Plaintiff requests all costs and attorney fees for defending this lawsuit against plaintiff.

### PRAYER FOR RELIEF

Defendant admits Plaintiff's prayer for relief is a legal request.


Dated: September 8, 2025                **LYDECKER**

Christopher Campbell
Bryan Barnet Miller
Attorneys for Defendant The Board of Trustees of the University of Central Florida erroneously sued as the University of Central Florida

**PROOF OF SERVICE**

United States District Court

Central District of California

*Jane Doe*

v.

*John Roe 1, et al.,*

Case No. 2:25-cv-02191-HDV-KES

I, Devon MacGregor, am employed in Los Angeles County, California. I am over the age of 18 years and not a party to the within action. My business is 523 W. 6th Street, Suite 716, Los Angeles, CA 90014, (213) 226-7068.

On September 9, 2025, I caused to be served the following document as follows:

**THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLORIDA'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENSES**

**BY ELECTRONIC SERVICE:** I caused said documents to be transmitted by electronic mail. The name(s) and email address(es) of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

I declare that penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on September 9, 2025, at Winchester, California.

*Devon MacGregor*
Devon MacGregor

THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLROID'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENSES

# PROOF OF SERVICE

United States District Court

Central District of California

*Jane Doe*

v.

*John Roe 1, et al.,*

Case No. 2:25-cv-02191-HDV-KES

Jane Doe, PhD
1217 Wilshire Blvd.
Santa Monica, CA 90403
(310) 409-6130
doeplaintiffphd@gmail.com
***Plaintiff in Pro Per***

THE UNIVERSITY OF CENTRAL FLORIDA'S BOARD OF TRUSTEES ERRONEOUSLY SUED AS THE UNIVERSITY OF CENTRAL FLROID'S ANSWER TO JANE DOE'S FIRST AMENDED COMPLAINT (FAC) FILED MAY 05, 2025, WITH AFFIRMATIVE DEFENES