UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-02191-HDV-PDx | Date | October 29, 2025 |
| Title | *Jane Doe v. John Roe et al.* | | |

| | |
|---|---|
| Present: The Honorable | Hernán D. Vera, United States District Judge |

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING MOTION FOR RECONSIDERATION RE ORDER ON MOTION TO DISMISS [71]**

Before the Court is Defendant's Motion for Reconsideration (the "Motion" [Dkt. 71]) of the Court's Order Denying Defendant's Motion to Dismiss (the "Order" [Dkt. 68]). The Court considered the papers filed in support of and in opposition to the Motion, found the matter appropriate for decision without oral argument, and took the Motion under submission. *See* C.D. Cal. R. 7-15.

This case arises from Plaintiff Jane Doe's dual appointment at the University of Central Florida ("UCF") and University of California, Los Angeles ("UCLA"). Plaintiff alleges that though she had permission from UCF to maintain her dual appointment, UCF provided statements to news outlets that she deceived UCF and maintained dual employment in violation of UCF policies, leading to reputational harm.[1] Defendant moved to dismiss the complaint under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Court lacks personal jurisdiction over Defendant and that Plaintiff fails to state a claim upon which relief may be granted. The Court denied the motion.

Defendant seeks reconsideration of the Court's Order for four reasons, alleging: (1) the Court misapplied the *Calder* effects test; (2) the Court failed to consider whether the UCF listserv is subject to immunity under the Communications Decency Act ("CDA") and therefore cannot be used in the jurisdiction analysis; (3) the Court failed to consider a Florida venue in its

---

[1] A more detailed factual background can be found in the Court's Order Denying Defendant's Motion to Dismiss. [Dkt. 68].

reasonableness analysis; and (4) the Court failed to consider Floria law which Defendant argues requires a lawsuit to be brought in the county in which UCF is located.  Motion at 3.  The Court finds that Defendant fails to present any valid basis for reconsideration.

Reconsideration of a court's order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  A party seeking reconsideration must show: "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." [2]  C.D. Cal. R. 7-18.  "No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."  *Id*.

First, the Court finds that it properly applied the effects test set forth in *Calder v. Jones*, 465 U.S. 783, 789–90 (1984) and *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004) in determining that Defendant "purposefully directed" its activities at the forum state, California.  The Court determined that "UCF undoubtedly undertook intentional acts by providing information to Florida Politics, and by sharing the consequent story on UCF's email listerv."  Order at 6.  Those intentional acts were expressly aimed at California because, (1) "[t]hough UCF communicated with a Florida publication, its actions were designed to interfere with Plaintiff's university-related activities in California and were thus likely to cause harm in California," and (2) the listerv circulated the allegedly defamatory information to California.  *Id*. at 7.  Even assuming Defendant's argument that the listerv "is immune from prosecution under the CDA" and cannot be considered in the jurisdiction analysis is correct, the Court's Order did not rely solely on Defendant's publication of the listerv to establish jurisdiction.  In any event, whether the CDA provides Defendant with an affirmative defense ("immunity from prosecution for defamation") is irrelevant to the Court's analysis of purposeful direction and nexus.  The Motion does not show any failure by the Court to consider material facts presented.

Next, the Court *did* consider Florida as a venue in determining the reasonableness of exercising jurisdiction over Defendant, but determined, on balance, that given the several factors that weigh in favor of California's exercise of jurisdiction, it is not unreasonable to exercise jurisdiction over Defendant in this matter.  Order at 8.  Again, Defendant presents no material facts or changes in law that the Court failed to consider in its analysis.

Defendant's argument regarding Florida law—which it did not include in its briefing on the Motion to Dismiss or during oral argument (see Dkts. 37, 47, 61) —is equally unavailing.  Defendant now argues that a Florida statute, Title XLV § 768.28, requires Plaintiff to bring her lawsuit in the Florida county in which Defendant is located.  But this argument is not a proper

---

[2] The Court interprets Local Rule 7-18 to be coextensive with Rule 59(e) and Rule 60(b).  *See Berkley Ins. Co. v. Levin*, No. 2:22-CV-07881-HDV-MARX, 2024 WL 1813474, at *1 (C.D. Cal. Apr. 2, 2024).

basis for reconsideration. Defendant does not explain how this law "could not have been known" to Defendant before the Order was entered, so there is no excuse for Defendant's failure to present it to the Court.

    For the foregoing reasons, the Motion is denied.

**IT IS SO ORDERED.**